Hogeboom, J.
The plaintiff relies principally upon three grounds to reverse the judgment of the 'court below: 1. That the answer lays no foundation for the judgment; 2. That the conclusion of law does not follow, and is not supported by the facts; 3. That Marshall’s testimony was improperly admitted.
1. The form of action, though somewhat anomalous, appears'to be in effect a special action on the case to recover damages for a forcible and unlawful-entry by the defendant upon the plaintiff’s premises resulting in serious injury to the plaintiff’s lease, business and furniture, and also to obtain an injunction forbidding any sale, removal, or further interference with the furniture and personal property in the hotel. Upon the complaint in the action, and prior to its service upon the defendant, the plaintiff obtained the injunction therein prayed for, which was subsequently served upon the defendant—.probably in connection with the complaint.
The defendant’s answer, though somewhat informal, claims title to the property under the Steokel mortgage, and alleges that the defendant'took possession of it by virtue thereof, and was about to remove and dispose of the same, but was prevented from doing'so by the service of the ipjunction, whereby the defendant lost his debt against Steckel and sustained damages to the amount thereof; for which amount he claims judgment, with interest and costs.
Strictly speaking, the act of the plaintiff in procuring and serving the injunction would, ordinarily, be an act at or after the commencement of the action, and therefore one the damages for which' could not be set up as a counterclaim in a pleading which is presumed to state the claims of the parties as existing at the time of bringing the suit; but as the act-of the plaintiff related to the very property which was the subject of the action, and materially affected the defendant’s rights and defense therein, I do not see why it could not have been set up ip a subsequent or supple *500 mental answer, and have thus been rendered effectual to the defendant. In the condition in which the case is presented to us, I do not regard this as material. There does not appear to have been any objection made to the defendant’s answer on account of its setting up a counterclaim arising since the commencement of the .action; nor to the defendant’s proof offered in support of it, that it related to matters arising after suit brought. And in the fifteen specific exceptions which the plaintiff makes to the referee’s report, there is not one which covers the objection now taken. Moreover, the case states that in the progress of the hearing the pleadings were amended by consent, and as the matter of such amendment is not shown, we may, perhaps, presume that it embraced this very point. It may be added, that as the injunction bears date on the 25th day of May, 1856, and the action was commenced on the day following, and the time of service of the injunction is not shown, it is just possible that the injunction was served prior to the service of the summons; and if so, it would let in without amendment or supplement the counterclaim on which the defendant relies. For these reasons, I think the plaintiff is not in a situation to avail himself of this point.
The defense, if admissible under the pleadings, in point of time, was, I think, sufficiently set forth in' the answer, and established by the evidence to justify its allowance by the referee. The plaintiff had improperly deprived the defendant of so much of the property as was credited to him in the referee’s report. The seizure of it by the plaintiff as his own against the will of the defendant, was a conversion. Its subsequent sale by the plaintiff, whatever light it might throw upon his motives and intent, and upon the price and value of the property, was not essential to create a cause of action in the defendant. Although the defendant, therefore, has not in his answer averred the fact of a sale, nor set up in very distinct terms a specific counter *501 claim for the value of the property, he has distinctly alleged .that the plaintiff deprived him of its possession and caused its entire loss to him, and that he claims reimbursement therefor to the amount of his debt against Steckel. I think the plaintiff must fail on this ground of reversal.
2. The second proposition on which the plaintiff relies is, that the conclusion of' law does not follow, and is not supported by the facts. This proposition is a very general one, and as it is not apparently sustained by an examination of the referee’s report, which seems very properly to base its conclusions of law on the facts recited and found, it will be necessary to look further into the plaintiff’s brief to see the precise point intended to be raised.
It is said that the referee does not find that the furniture purchased by Steckel was included in the mortgage to Marshall, or passed to him under it1, or that it was taken, sold, or in any manner interfered with, by the plaintiff. ' I think the contrary of all this is fairly inferrible from the referee’s report; and if it is not, that the point is not available to the plaintiff here. It is a question of fact which cannot reach this court. It is not the case of a finding wholly unsupported by evidence; nor is the point presented in any available form by way of exception to the referee’s report. Several of the plaintiff’s exceptions to the referee’s report are to his not finding certaih facts. This is not a ground of exception, especially as he was not requested to find them, and has not refused to do so.
It is said that the referee has committed ah error in law, because he has determined the value of the defendant’s property at the time of its conversion by the plaintiff, by “arbitrary hypothesis.” This part of the report must be read and expounded in connection with the case and with the other facts found by the referee. . The value of the property purchased by Steckel does appear by the evidence, and is specifically stated by the referee. It is further proved to have been in use, and to have been more *502 or less impaired by wear and tear. The precise amount of the deterioration is not shownj but it was legitimate for the referee to estimate it under the evidence. He did so by deducting one-third from its valtie, which he says he considers, under all the circumstances, a reasonable estimate, and assesses the value accordingly. This, notwithstanding the language used by the referee, is not a case where there is no evidence tending to show the real value of the property at the time of the conversion, nor a determination of its value by arbitrary hypothesis.
It is suggested that the referee committed a further error in allowing for a conversion of the property after suit brought, and interest upon the value of the property from a date pl'ior to the actual conversion. It is said there was no conversion otherwise than by the sale of the property or the service of the injunction; that these were both subsequent to the commencement of the suit, and subsequent to the time from which interest is allowed. This point has been sufficiently discussed in what has been heretofore said, except as to the allowance of interest. As to this, it is sufficient to say that the date fixed by the referee is sustained by the evidence, and is sa probable as any other specific day which could be fixed; and there is no evidence in the case on which it could be said that it is erroneous.
3. Again, it is said that the referee erred in admitting the testimony of Marshall. The testimony here referred to consists of the declarations of Doolittle, the father' and agent of the plaintiff, tending to show title tó the furniture in Doolittle- himself. Aside from the fact that there is some color for their admissibility on the ground that Doolittle himself swears, in unqualified terms, that he was the agent of the. plaintiff in regard to the furniture, I think the objection may well be over-ruled, for the reason that the testimony did not, by- possibility, prejudice the plaintiff. The referee has found, in express terms, that he did not rely'in any degree on these declarations of Doolit *503 tie. He states, amoUg other facts found by him, “ that af the commencement of this action, most of the furniture mentioned in the complaint, and therein stated to be in the hotel mentioned therein,-belonged to the plaintiff,” and he concludes: ‘.‘Upon these facts I am of opinion, in point of law: 1. Thát the mortgage from- Steckel to the defendant, Marshall, was ineffectual with regard to so much of the furniture as belonged to the plaintiff, notwithstanding Marshall had been induced to trust Steckel by the false assurances given by one Lucius Doolittle, (the father of the plaintiff, and his agent, to negotiate a sale of the furniture and of the plaintiff’s unexpired term in the hotel,) that the furniture had belonged to him, Doolittle, and by him had been sold to Steckel.”
After such an explicit statement by the referee, I think it impossible to say, in the language of the cases, that “the evidence had any bearing upon the issue, and could possibly have had an influence upon the verdict.” It is only in such cases that a new trial should be granted for the admission of improper evidence. (Murray v. Smith, 1 Duer, 412; Marquand v. Webb, 16 Johns. 90; Osgood v. Manhattan Company, 3 Cow. 618; Worral v. Parmelee, 1 Comst. 519; Shorter v. The People, 2 Comst. 193.)
4. It only remains to notice two or three minor points made by the plaintiff. It is said the referee made a mistake of $10 in footing Up the value of Steckel’s furniture, making it $208.31 instead of $198.31, and that, therefore, the judgment must be reversed. As we have not before us the prices-which the referee allowed,' we cannot say that this mistake has actually occurred, nor if it had, that it is remediable here. And if it be so, the remedy would be to deduct-two-thirds of $10 from the amount which the referee allowed, (which was two-thirds of $208.31,) instead of sending the case back for a new trial.
The same remark applies to the suggestion that Marshall carried away four chairs for which the referee has made *504 no deduction. It is hardly worth while, in the ultimate forum for the settlement of grave questions of law, to present so trivial and by no means apparent an error of fact. ' It is not clear that the error has occurred.
It is said that the referee erred in awarding costs against the plaintiff. If the action was, as the supreme court decides, a common law action, he had no alternative. If it was, as the plaintiff claims, an equity action, he had the discretion to do so; and that. discretion has not been abused. ‘ If the supreme court erred in not awarding the costs of the appeal against the plaintiff, that is an error of which the plaintiff cannot complain.
I think the judgment of the supreme court should be affirmed with costs-.
All the judges concurring, judgment affirmed.