PEOPLE *ex rel.* EGAN *v.* COLUMBIA CLUB.

*(Supreme Court, Special Term, New York County.   June 12, 1891.)*

1. MANDAMUS—SUFFICIENCY OF WRIT.

An alternative writ of *mandamus* to compel relator's reinstatement as a member of a club, which merely alleges that he has been expelled unjustly, and in violation of law and the constitution and by-laws of the club, and is entitled to reinstatement, without stating facts to show that the expulsion was illegal, is demurrable, since Code Civil Proc. N. Y. § 2076, declares the statement contained in such a writ of the facts constituting the grievance to be subject to the chapter (6) respecting the statement, in a complaint, of the facts constituting a cause of action, which chapter (section 481) requires the complaint to contain a plain and concise statement of the facts constituting each cause of action.

2. SAME—PETITION.

The petition for the alternative writ of *mandamus* cannot be looked into in aid of the allegation of facts contained in the writ.

Application by Patrick J. Egan for an alternative writ of *mandamus* against the Columbia Club to compel relator's reinstatment as a member. The writ was as follows: "Whereas Patrick J. Egan, the relator in this proceeding, has complained to us that you have unjustly and in violation of law and the constitution and by-laws of your society expelled him from the Columbia Club; and that, although entitled to be reinstated as a member of said society, nevertheless you, the said Columbia Club, have unjustly refused to reinstate said Patrick J. Egan as such member, as we are informed by the petition of said Patrick J. Egan: Now, therefore, we, being willing that full and speedy justice be done in this behalf to him, the said Patrick J. Egan, do therefore command you that immediately after the receipt of this writ you reinstate the said Patrick Egan as a member of said Columbia Club, and to all rights and privileges as such member, or that you show cause to the contrary within twenty days after the service of this writ.   *. * *"   Defendant demurred to the writ.   Demurrer sustained.

*G. Arnold Moses,* for relator.   *H. Huffman Browne,* for defendant.

LAWRENCE, J.   The demurrer to the writ of alternative *mandamus* must be sustained.   The alternative writ should set forth the facts upon which the relator bases his claim, in the same manner and with the same particularity as he is required to set them forth in a complaint.   Code Civil Proc. §§ 2076,[1] 2082; *People* v. *Baker*, 35 Barb. 109; *People* v. *Ransom*, 2 N. Y. 492; *Gardenier* v. *Supervisors*, 2 N. Y. Supp. 351.   The alternative writ in this case fails to state the facts which show that he has been wrongfully, unjustly, or in violation of the constitution and by-laws of said club, expelled from the club.   Adjectives and strong expressions of opinion do not constitute a basis for legal action.   The relator should show what provision of the constitution and of the by-laws of the club has been violated in his case, and wherein the expulsion is illegal.   No failure to notify him of the proceedings against him is averred in the writ, and it is well settled that the court cannot look into the petition to obtain the facts, which should be stated in the writ itself. *People* v. *Baker*, 35 Barb. 109.   For these reasons the demurrer must be sustained, with leave to the relator to amend, on payment of costs.

[1] Code Civil Proc. N. Y. § 2076, declares that the statement contained in an alternative writ of *mandamus* of the facts constituting the grievance are subject to the chapter (6) respecting the statement, in a complaint, of the facts constituting a cause of action, which chapter (section 481) requires the complaint to contain a plain and concise statement of the facts constituting each cause of action.