PEOPLE ex rel. McDONALD v. CLAUSEN, President.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

1. MANDAMUS—ALTERNATIVE WRIT—AMENDMENT.

Under Code Civ. Proc. § 2068, providing that a writ of mandamus can be granted only at a special term of the supreme court, and section 2080, providing that a writ of mandamus cannot be amended without "special application to the court," the court at trial term has no authority to amend an alternative writ on the trial of the issues of fact raised by the return.

2. SAME—PEREMPTORY WRIT.

Where an alternative writ of mandamus only commanded the respondent to make a return, which command he obeyed, it could not be the foundation of a peremptory writ requiring respondent to reinstate the relator to an office from which he had been discharged.

3. OFFICERS—VETERANS—NOTICE.

     A mere incidental remark to an official, made many years before he was in office, in relation to persons having been in the army, is insufficient to charge such official with notice that a subordinate officer in his department was an honorably discharged veteran, and entitled to protection as such.

4. SAME—REINSTATEMENT—DEMAND—EVIDENCE.

     Evidence that, after relator's dismissal from office as superintendent of a public driveway, a member of the Grand Army of the Republic, to which relator belonged, called several times at the office of the park commissioner, who alone had power to reinstate relator, in relator's behalf, but saw and talked only with the secretary, and did not make any demand that relator be reinstated, is insufficient to sustain a finding that relator tendered his services to perform the duties of his former position, and demanded and was refused reinstatement.

5. SAME—PEREMPTORY MANDAMUS.

     Relator was not entitled to a peremptory mandamus requiring his reinstatement as superintendent of a public driveway in New York City, on the ground that he was a veteran, where it did not appear that the park commissioner removing relator had notice that he was a veteran, and relator had made no demand for reinstatement on such ground.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Charles H. McDonald, against George C. Clausen, as president of the department of parks in the city of New York. From an order awarding a peremptory writ, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

George F. Langbein, for respondent.

INGRAHAM, J. In this proceeding there was allowed an alternative writ of mandamus, which commanded the respondent, upon the receipt of the writ, to make a return thereto pursuant to title 2, c. 16, Code Civ. Proc., within 20 days after service thereof, by filing the same in the office of the clerk of this court in the county court house in the city of New York, and by also serving a copy thereof upon Messrs. Langbein Bros. & Langbein, attorneys for the relator, at their office, No. 5 Beekman street, New York City. The relator made the return required within the time named, which return denied each of the allegations set forth in the said writ, with one exception. The case was brought on for trial at a trial term of the court before a jury, when the attention of the court was called to the form of the writ, and that the only command therein contained was that the respondent should make a return thereto, which return had been duly made; the counsel for the respondent objecting to any further proceeding. There was then some discussion about an ex parte order, which purported to amend the writ, whereupon the trial judge stated that he would vacate the order, and then entertain an application for an amendment. This was objected to by counsel for the relator upon the ground that the court at trial term had no power to amend the writ. The court then stated that he would amend the writ, and that the relator could take an exception. Counsel for the plaintiff formulated an amendment, which does not

appear to have been adopted by the court, and no order appears to have been entered. The counsel for the respondent stated to the court that the sole question raised by the facts alleged was whether the position from which the relator was removed had been abolished on the 1st of February, 1898, in good faith; that the respondent was not prepared to try any question as to the right of the relator to a preference in appointment to a new position after the position was re-created, and that the original papers asking for a mandamus did not ask that the relator should be granted a so-called preference, which the veteran laws purport to give. In reply to that the court stated that he would send it to the jury. Counsel for the relator then moved to strike out the amendment which the court had granted, on the ground that it was not involved in the original motion papers, and that the court had no power to grant the amendment to the writ. That motion was denied. The relator excepted, and the court then proceeded to take testimony.

We think this amendment was unauthorized, and beyond the power of the trial term. Section 2068 of the Code provides that a writ of mandamus can be granted only at a special term of the supreme court held within the judicial district embracing the county wherein an issue of fact joined upon an alternative writ of mandamus is triable. Section 2076 of the Code provides that:

"The statement, contained in an alternative writ of mandamus, of the facts constituting the grievance, to redress which it is issued; the joinder therein of two or more such grievances; and the command of the writ, are subject to the provisions of chapter sixth of this act, respecting the statement, in a complaint, of the fact constituting a cause of action; the joinder therein of two or more causes of action; and the demand of judgment thereupon."

Subdivision 3 of section 481 of chapter 6 of the Code provides that the complaint must contain "a demand of the judgment to which the plaintiff supposes himself entitled." The command of an alternative writ must, therefore, contain the statement of the relief to which the relator supposes himself to be entitled. Section 2080 of the Code provides that:

"Oral pleadings upon a writ of mandamus are abolished, and no pleadings are allowed, except as prescribed in the foregoing sections of this article. The provisions of title second of chapter six of this act apply to the writ and the return; except * * * that neither can be amended without special application to the court, or stricken out as sham."

Title 2 of chapter 6 of the Code relates to the provisions generally applicable to pleadings. The only amendment allowed by this article is an amendment, of course, without application to the court, and under the section before referred to such an amendment was expressly precluded, and the writ could only be amended upon special application to the court. I think the court to which this special application must be made is the special term, the only court that had authority to grant the writ in the first instance. An application to the trial term to amend the writ made upon the trial of the issues of fact raised by the return, where no notice of the motion was given, no order was entered, and which was a part of the proceeding of the trial of the issues raised by the return, would not, I think, be a "special application to the court," within the meaning

of this section of the Code; the intention apparently being to make
a distinction between the amendment to be allowed to an alternative
writ and one to be allowed in the pleading by requiring an amend-
ment to an alternative writ to be made only by the court upon a
special application to it for that purpose. This, it seems to me,
would not include an application made as an incident to the trial
by the trial term. Section 1997 of the Code applies only where spe-
cial provision is not otherwise made in the Code; and, as special.
provision is made for an application to the court to amend the
alternative writ, I do not think that this general provision assimi-
lating the practice in these special proceedings to civil actions ap-
plies. Thus, the writ itself can be granted only at special term.
People v. Donovan, 135 N. Y. 78, 31 N. E. 1009. It must contain a
command which states the relief to which the relator claims he is
entitled, and, as the writ can only be amended upon the special ap-
plication to the court, it seems to follow that a mere verbal direction
on the trial of an issue of fact raised by the return directing that
the writ be amended is ineffectual for any purpose. This being so,
the writ must be considered as in the form in which it was originally
issued; and the rule is well settled that the peremptory writ must
follow the alternative writ, and that the court will not award a
peremptory writ commanding the doing of substantially a different
thing than that commanded by the alternative writ. People v.
Dutchess & C. R. Co., 58 N. Y. 159; People v. Gilroy, 60 Hun, 508,
15 N. Y. Supp. 242. If this be so, as by the writ the respondent was
only directed to make a return, which command he obeyed, the writ
could not be the foundation of granting a peremptory writ enlarging
the command in the alternative writ, and requiring the respondent
to do something which the alternative writ did not command him
to do. But the amendment allowed to this writ materially increased
the command which the relator claims he asked for in the tenth alle-
gation of fact in the writ,—that paragraph alleging that "said rela-
tor is entitled to and demands a reinstatement to said office or posi-
tion of superintendent of the Harlem river driveway, and to the pay-
ment to him of the salary of one hundred and twenty-five dollars
per month." The command which counsel for the relator formulated
as the amendment which he desired is:

"Now, thereupon we command you that upon the receipt of this writ you
reinstate the said relator as superintendent of the Harlem river driveway,
and pay to him the sum of $125 a month from the 14th day of February, 1898,
or, in case the position of superintendent of the Harlem river driveway has
been revived, that you reinstate him, and give him a preferential appointment
thereto under the civil service laws of this state."

This amendment was expressly objected to upon the ground that
it went beyond any allegation of fact in the alternative writ. The
peremptory writ granted commands the respondent to forthwith re-
instate the relator to his former position of superintendent of the
Harlem river driveway, and allows the relator to recover damages
from the respondent in the sum of $2,625, together with the costs
of these proceedings. From the peremptory writ it does not appear
whether or not the relator was reinstated because he was improp-

erly discharged, or because he was entitled to a preference in the appointment that was made when a new position was created. Thus, the amendment that the court attempted to allow upon the trial went beyond any allegation of fact in the alternative writ, and the peremptory writ commanded the respondent to perform an act, and to pay to the relator a sum of money to which he would not have been entitled if he had been entitled to a preference in appointment when the position was re-created.

At the end of the trial the respondent made a motion for a new trial, which was denied, and he also appeals from the order denying such motion. We think that order should have been granted upon the ground that there was no evidence to sustain a finding of the jury to the eleventh, nineteenth, and twentieth separate issues submitted to them for determination. By the eleventh issue the jury found that it was known to the defendant that the said relator was an honorably discharged veteran of the Civil War of the Rebellion, and that he could not be removed from his position except upon written charges and upon notice and a hearing. The only evidence to show that the respondent knew that the relator was a veteran was the testimony of the relator by which he said:

"I am almost sure that he [respondent] did know I was a veteran of the war. I have not spoken with him lately about my services in the war. I think we talked about it a good many years ago. That was when he was telling me about buying hops up in the country where I came from; that he had been through there when I was in the army. * * * I think I told him I was in the army."

There was no evidence that there was any notice given to the respondent as park commissioner that the relator was ever in the army, or that he claimed to hold his position as a veteran under the laws of this state giving veterans honorably discharged from service protection from arbitrary removals from office held by them. There was no evidence of any record in the department that the relator was such a veteran, or that he had ever claimed to hold the office as such. A mere incidental remark to a police commissioner, many years before he was in office, in relation to persons having been in the army, is not sufficient to bring home to such an official, after he has been appointed to office, notice of the fact that a subordinate officer in his department was a veteran who had been honorably discharged from service. To charge a public official with notice of the fact that his subordinate employés are honorably discharged veterans requires that a distinct notice shall be given to the official in relation to the status of the employé as regards the office or employment which he holds, or a record in the department from which that fact can be ascertained. The respondent was appointed to office on January 1, 1898. There is certainly nothing here from which it can be presumed that when the respondent abolished this position, and discharged the relator, he had in mind the fact that he was an honorably discharged veteran, or was entitled to protection as such. The respondent expressly testifies that no objection was made by the relator to his dismissal from office, and that, when the respondent subsequently re-established the office, and filled the posi-

tion by the appointment of another person, he did not know the relator was desirous of being reappointed, and that the first that he knew that the relator did desire such reappointment was the service upon him of the papers in this proceeding; and there is nothing to contradict this statement. There was thus absolutely no evidence to justify a finding that it was known to the respondent that the relator was an honorably discharged veteran of the Civil War of the Rebellion, and that he could not be removed from his position except upon written charges upon notice and a hearing.

We also think that there was no evidence to sustain either the nineteenth finding of the jury,—that the relator tendered and offered his services to perform the duties of said position, and that the same was refused; or the twentieth finding,—that the relator demanded of the respondent a reinstatement to his position, and $125 a month, which had been refused. The whole evidence shows that from the time the relator was dismissed until after these proceedings were commenced, he had no interview at all with the respondent, and made no demand upon him in any way. A Dr. Murphy was called as a witness by the relator, and testified that he was connected with the Grand Army of the Republic, was chairman of the committee to look after the veterans' rights; that he was requested by the relator to represent him, and to obtain his reinstatement in his position; that he called several times at the office of park commissioner, but was unable to see the respondent, and never, in fact, did see him; that he saw the secretary and two or three other gentlemen at the office of the park department; that he explained to the secretary the object of his visit, when the matter was discussed with him, but the secretary said, "Well, I am not the president," to which the witness answered, "I am aware of that, but I have been here several times to see the president, and did not see him;" that the witness was then requested to call at a subsequent day to see the commissioner, but he never did see him. Nor does it appear that he ever made any demand, either of the secretary or any one else, for the reinstatement of the relator. By the charter the appointment to this position was vested in the respondent, who was the commissioner of public parks. The secretary had no power to reinstate the relator, and there is no evidence to show that this conversation with the secretary was repeated to the respondent, or that he ever had any knowledge of the fact that the relator claimed to be entitled to the position, or asked to be reappointed; the respondent expressly testifying that the first knowledge that he had of the relator's claim was the service of the alternative writ upon him in this proceeding. There was thus no evidence to sustain a finding of the jury that this relator ever did claim the protection awarded by the statute to him as a veteran, or that he claimed that his removal from such position was invalid, or demanded of the respondent a reinstatement or reappointment to the position from which he had been discharged. Upon the records of the department, and so far as the respondent had any knowledge, he had absolute authority under the charter to remove the relator from the position which he had held; and it is now well settled that, to entitle the relator to rein-

statement in his position from which he was removed, where no distinct notice has been given to the appointing officer of the fact of the relator's being a veteran, or claiming his privileges as such, a proceeding cannot be maintained to reinstate the relator, except upon a demand upon the appointing officer for reinstatement, which shall distinctly state the ground upon which the relator insists upon his reinstatement. This precise question was presented to this court in People v. Cruger, 12 App. Div. 536, 42 N. Y. Supp. 398, where it is said:

"It is well settled that, previous to the making of an application to the court for a writ of mandamus to compel the performance of an official act, a demand must be made by the applicant upon the officer that he do the act which it is sought to compel him to perform, and the respondent must have refused to comply with the demand, either in distinct terms, or by conduct from which a refusal can be implied, because it is due to the defendant to have the option of doing the act before an application shall be made to the court to compel him to do it."

As there was in this case no notice to the respondent that the relator was a veteran, or claimed the privileges as such, and that, as he has made no demand for reinstatement or reappointment to the office which he held in consequence of his being a veteran, it is clear that the relator was not entitled to the peremptory writ which the court below awarded to him.

It follows that the order appealed from must be reversed, and a new trial of the issues raised by the return to the alternative writ granted, with costs to the appellant upon this appeal to abide the event.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur; PATTERSON, J., in result.