(34 Misc. Rep. 119.)

PEOPLE ex rel. STUTZBACH v. COLER, Comptroller.

(Supreme Court, Special Term, New York County. February 27, 1901.)

1. MANDAMUS—CIVIL WAR VETERAN—DISCHARGE FROM POSITION.
    Under Laws 1899, c. 370, § 21, providing that in cities of the first class no veteran of the Civil War shall be removed from his position except for incompetency or misconduct, shown after a hearing, and if the position shall become unnecessary, or be abolished by reason of economy, he shall not be discharged from service, but transferred to another branch, the comptroller of the city of New York will be required by mandamus to re-instate a veteran of the Civil War, whom he has discharged on the ground of economy, while retaining civilians performing the same services.

2. SAME—WHEN ALTERNATIVE WRIT ISSUES.
    Where, on an application for peremptory mandamus against the comp-troller of the city of New York, requiring him to reinstate a Civil War vet-eran to the position from which he has been wrongfully discharged, the comptroller denies knowledge or notice that the petitioner is a veteran, an alternative writ should issue.

Application of Otto Stutzbach, a war veteran, for a peremptory writ of mandamus to compel Bird S. Coler, as comptroller of the city of New York, to reinstate relator in his position as warrant clerk. Alternative writ granted.

Benno Loewy and Chas. Goldzie, for relator.
John Whalen and Wm. B. Crowell, for respondent.

McADAM, J. Otto Stutzbach, a veteran of the War of the Rebel-lion, applies for a writ of peremptory mandamus requiring Bird S. Coler, as comptroller of the city of New York, to reinstate the ap-plicant in his position as warrant clerk in the office of the auditor of the finance department of said city, and to pay the applicant the salary appertaining to such position for the month of January, 1901. The moving papers show that the applicant was appointed a warrant clerk in the said auditor's office July 1, 1898, at the salary of $1,200 a year, and was assigned to duty in the borough of Richmond; that on or about December 15, 1899, the applicant was transferred to the office of the said auditor in the borough of Manhattan; that while acting as a warrant clerk he was assigned to the duties of a private messenger to said auditor; that on January 12, 1901, he was dis-charged by the comptroller on account of lack of funds; that there are employed in the said office about 16 other warrant clerks, some

of whom perform messenger service, and none of whom is a veteran or has served the term required by law in a volunteer fire department; and the applicant further alleges that at and prior to his appointment the comptroller had due notice of the fact that the applicant was a veteran of the Civil War. The respondent denies knowledge or information of the fact that the applicant was a veteran, states that an examination of the records of his department fails to disclose such fact, and claims that there is at present no statutory authority giving a veteran a preference in holding a position to which he has been appointed in the civil service. From the legislative mandates that no veteran shall be removed from his position or employment except for incompetency or misconduct shown after a hearing, upon due notice and stated charges, and that if in cities of the first class the position shall become unnecessary or be abolished, by reason of economy or otherwise, the veteran shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor (Laws 1899, c. 370, § 21), it would seem to be, at the least, a fair inference, if, indeed, it is not expressly provided, that a veteran is preferred to other employés in the public service in the retention of his position. As the respondent, however, denies that he had any knowledge or notice of the fact that the applicant was a veteran, an alternative writ must issue (People v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993), unless the defendant will waive that point, in the event of which waiver a peremptory writ will issue.