(61 App. Div. 184.)

PEOPLE ex rel. McDONALD v. CLAUSEN, Park Com'r.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

1. MANDAMUS—ALTERNATIVE WRIT—AMENDMENT.

> The special term of the supreme court which issues an alternative writ of mandamus which does not contain allegations sufficient to authorize a peremptory writ reinstating the relator to an office may amend such writ after a denial of the writ by the trial term, and the affirmance of such order on appeal.

2. SAME—CONDITIONS OF GRANTING.

> Where the trial term denies a peremptory writ of mandamus to reinstate the relator to office for the reason that there is no demand for such

70 N.Y.S.—27

relief in the alternative writ, and the relator prosecutes an appeal there-from, thus causing considerable loss of time, the special term should not allow him to amend his alternative writ, demanding his reinstatement, except on condition that he waive his claim of salary for the time wasted in taking the appeal, and on payment of costs.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Clark H. McDonald, against George C. Clausen, as president of the department of parks and as park commissioner. From an order of the special term of the supreme court permitting the relator to amend his alternative writ, defendant appeals. Order modified on condition of the performance of certain conditions by relator; otherwise, reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Linn Bruce, for respondent.

HATCH, J. An alternative writ of mandamus was issued herein, commanding respondent to make return thereto within 20 days after service thereof, pursuant to title 2, c. 16, of the Code of Civil Procedure, by filing the same in the office of the clerk of this court, and by serving a copy thereof upon the attorneys for the relator. The respondent made the return required within the time named, denying each of the allegations set forth in the writ, with one exception. No other command than as above set forth was contained in the writ, and the issues made by the writ and returned came on for trial at a trial term, before a jury, on May 9, 1899. At the opening of the trial, counsel for defendant called attention to the form of the writ, and duly objected to any further proceedings thereunder. Thereupon the court, on motion of the relator, allowed an amendment of the writ which entirely changed the command, and directed the reinstatement of relator as superintendent of the Harlem River Driveway, and the payment to him of the specified salary, with other relief. This was objected to by counsel for defendant upon the ground that the trial court had no power to amend the writ. The objection was overruled, and the defendant duly excepted. The effect of this amendment was to convert a writ which directed no action on the part of the respondent into one directing action of vital moment. The jury having found in favor of the relator, and a final order having been entered thereon, the defendant appealed from the order granting the peremptory writ, and from the order of the trial court denying his motion for a new trial. People v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993. This court reversed the orders, holding that the trial court had no power to allow the command of the writ to be enlarged at the trial, and granted a new trial. The relator did not accept the decision, but appealed to the court of appeals, stipulating that, upon the affirmance of the order appealed from, judgment absolute should be rendered against him. The court of appeals dismissed the appeal upon the ground that it had no jurisdiction (163 N. Y. 524, 57 N. E. 739), holding that the proper remedy of the relator was a new trial of the issues joined upon the alternative writ. Relator did not ac-

'cept this determination and act upon it, but some six months after moved this court for a resettlement of its order. This motion was denied, and in December, 1900, a motion was made at special term to obtain an amendment of the writ by adding to its provisions the following:

"And we further command you that, upon the receipt of this writ, you reinstate the said relator as superintendent of the Harlem River Driveway, and pay him the sum of one hundred and twenty-five dollars a month from the 14th day of February, 1898, and for other relief."

This motion was granted, on payment of $10 costs, and from the order so made and entered this appeal is taken.

While the special term doubtless had the power to grant the motion and allow the amendment (People v. Clausen, 50 App. Div. 287, 63 N. Y. Supp. 993), and we are not prepared to say that the discretion of the court was unwisely exercised in allowing the same, yet we are of the opinion that the terms upon which it was allowed were entirely inadequate. The relator, in seeking the amendment, appeals to the favor of the court; and it would be entirely unjust to inflict upon the defendant the burden of the cost of all the litigation caused by his persistence in a wrong course. The result of the course pursued by relator, should he finally succeed in securing a peremptory mandamus restoring him to position and salary, is that the defendant will be compelled to pay the salary of relator from the date of his removal to the time of his reinstatement, during which time he will not have rendered any service, all of which delay has been caused by the persistence of relator in an erroneous course. In addition to this is the burden of the cost and trouble of the litigation. Both on principle and authority, we think the special term was in error in granting the relief upon such terms. Rodgers v. Clement, 58 App. Div. 54, 68 N. Y. Supp. 594; Ireland v. Railroad Co., 8 N. Y. St. Rep. 127; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146. We think the relator should not be allowed the amendment, except he indemnify the defendant for the expense incurred in the litigation, and waive his salary for the time subsequent to the trial.

The order should therefore be modified as indicated,—by requiring, as a condition of allowing the amendment, that the relator pay all the defendant's costs and disbursements after the service of the writ, including the appeals to the appellate division and the court of appeals, and stipulate to waive all claim for salary subsequent to the date of the trial, May 9, 1899,—and, as so modified, affirmed, with $10 costs and disbursements to the appellant. In case such conditions be not complied with, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.