JOHN RAMSAY, Respondent, *v.* NICHOLAS J. HAYES, as Fire Commissioner of the City of New York, and Trustee of The New York Fire Department Relief Fund, Appellant.

NEW YORK FIRE DEPARTMENT — REMEDY OF RETIRED MEMBER AGGRIEVED BY ACTION OF COMMISSIONER IN FIXING PENSION IS BY DIRECT PROCEEDING NOT BY ACTION — BURDEN OF PROOF. A recovery in an action by a retired fireman of the city of New York to recover arrears claimed to be due on his pension by reason of an alleged unlaw· ful determination of the fire commissioner as to its amount (L. 1901, ch.

466, § 790), even if the action were maintainable, could not be sustained, where the plaintiff fails to meet the burden imposed upon him of proving that the commissioner had violated his duty in fixing the amount of the pension; such action, however, is not maintainable; the remedy of any member of the department aggrieved by the action of the commissioner in determining his pension is to correct that determination by a direct proceeding, such as mandamus, not by action.

*Ramsay* v. *Hayes*, 112 App. Div. 442, reversed.)

(Argued January 16, 1907; decided February 19, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 26, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Ellison*, Corporation Counsel (*James D. Bell* of counsel), for appellant. The plaintiff was not entitled as matter of law to have his pension fixed at $800 per annum. (L. 1901, ch. 466, § 790; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; *Wood* v. *Terry*, 4 Lans. 80; *Ensign* v. *McKinney*, 30 Hun, 249; *People ex rel. Langdon* v. *Dalton*, 46 App. Div. 264.)

*Charles J. Ryan* for respondent. The amount to which the plaintiff is entitled as pension is fixed by statute and the fire commissioner has no discretion in the matter. (L. 1901, ch. 466, § 790.)

Cullen, Ch. J. The action is brought by a member of the fire department of the city of New York who had been retired under the provisions of section 790 of the Greater New York charter (Laws 1901, ch. 466), to recover from the defendant, who by law is the trustee of the fire department relief fund, arrears claimed to be due on his pension. The complaint alleges that the plaintiff after continuous service in the department for more than ten years was, on March 4th,

1903, retired by the fire commissioner, and that by said order of retirement his pension was fixed at the sum of $533.33 per annum, the receipt of which the plaintiff, admits, but he charges that under the law he is entitled to receive $800 per annum, and judgment is demanded for the difference between the sum received by the plaintiff and that which he claims he is entitled to. Substantially the answer put in issue only the allegation that the amount of his pension was illegally fixed. On the trial of the action neither party offered evidence. The trial court held that the burden of proof was on the defendant to show that the plaintiff's pension could be fixed at a less sum than $800, half of his previous salary, and in default of that evidence awarded judgment to the plaintiff. This judgment has been affirmed in the Appellate Division by a divided court.

Section 790 of the charter provides : " The fire commissioner shall have power to retire from all service in the said fire department, or to relieve from service at fires, any officer or member of the uniformed force of said department, who may, upon an examination by the medical officers, ordered by the said fire commissioner, be found to be disqualified, physically or mentally, for the performance of his duties ; and the said officer or member so retired from service shall receive from said relief fund an annual allowance as pension in case of total disqualification for service, or as compensation for limited service in case of partial disability ; in every case, the said fire commissioner is to determine the circumstances thereof, and said pension or allowance so allowed is to be in lieu of any salary received by such officer or member at the date of his being so relieved or retired from fire duty in said department, and the said department shall not be held liable for the payment of any claim or demand for services thereafter rendered, and the amount of such pension or allowance shall be determined upon the following conditions : In case of total permanent disability, at any time, caused in or induced by the actual performance of the duties of his position, or which may occur after ten years' active and continuous service in the said fire

department, the amount of annual pension to be allowed shall be one-half of the annual compensation allowed such officer or member as salary at the date of his retirement from the service, or such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant." Under these provisions the relator's pension should have been one-half his previous salary unless the condition of the pension fund warranted only the allowance of a smaller sum. A majority of the learned Appellate Division was of opinion that the provision for a smaller pension than half salary was in the nature of an exception or proviso, the negative of which the plaintiff was not obliged to plead nor prove, but which rested upon the defendant to affirmatively establish, and that in default of proof to that effect on the defendant's part the plaintiff was entitled to recover. There is much technical learning on the subject of exceptions and provisos in their relations to both pleading and proof into which we do not deem it necessary to enter. The complaint alleges that the order of retirement fixed his pension at the sum which he has received. The presumption is that a public officer has done his duty, and where it is claimed that the duty has been violated the burden of proof is on the party alleging such fact to prove it. (*Leland* v. *Cameron,* 31 N. Y. 115; *Wood* v. *Morehouse,* 45 N. Y. 368; *People ex rel. Manhattan Ry. Co.* v. *Barker,* 146 N. Y. 304) There is, however, as pointed out by the judges who dissented in the Appellate Division, a further objection to the plaintiff's recovery, which goes to the right to maintain the action. It is obvious, both by the language of the statute itself and the necessity of the case, that when the fire commissioner retires a member of the fire department he is to determine the amount of the pension on which the member is retired. "In every case the said fire commissioner is to determine the circumstances thereof, and said pension or allowance so allowed is to be in lieu of any salary received by such officer or member," etc. This action is at law to recover arrears of pension, and a determination by the fire commissioner awarding the plaintiff some sum

was a condition precedent to the maintenance of an action. It is true that under the statute the commissioner had no arbitrary power to award the plaintiff such compensation as he saw fit, but was required to allow him half pay unless the relief fund was inadequate to sustain that burden. Nevertheless, it was the commissioner that in the first instance was to make the determination, and if he erred in that determination the plaintiff's remedy was by a direct proceeding to compel the commissioner to make a right determination. We do not say that the determination of the commissioner was a judicial one to be reviewed only by certiorari; on the contrary, it was administrative, the proper discharge of which could be enforced by mandamus. But until corrected by mandamus the determination must stand and conclude both parties, plaintiff and defendant. Any other rule would involve the administration of the relief fund in great confusion. Suits might be brought at any time by retiring members of the force on the claim that the retiring pension had been fixed too low. Possibly the only effect of the Statute of Limitations would be to cut off claims arising more than six years before the commencement of the action. It is apparent that in determining the amount of a pension the condition of the relief fund must be considered with reference to all other pensions charged against it which at the time are outstanding. If years after retirement the pensions of retired members are to be increased by favorable verdicts and decisions in actions of the character of the one before us, it is obvious that either the pensions awarded other retired members may be affected or that the fund itself may be depleted and rendered insufficient to defray the charges upon it. The incumbent of the office of fire commissioner, who is apt to be changed after a short term of service, could not well know whether he should accede to or reject claims for pensions which may have been fixed by his predecessors in office. It would be practically impossible at any particular time to determine what was the real condition of the relief fund and the legal charges thereon. All this confusion can be avoided and the rights of

the members of the department entirely protected by requiring any member aggrieved by the action of the fire commissioner in determining his pension to correct that determination by a direct proceeding.

The judgments of the Appellate Division and the Trial Term should be reversed and the complaint dismissed, without costs, however, in any court.

Gray, Vann, Werner, Hiscock and Chase, JJ., concur; Edward T. Bartlett, J., dissents on the ground the burden of proof is on the fire commissioner.

Judgment accordingly.