### REYNOLDS v. WILLIAMS.

(Supreme Court, Special Term, Kings County. November 10, 1914.)

1. MANDAMUS ☞160—STATEMENT—SUFFICIENCY.

In view of Code Civ. Proc. § 2073, requiring a return on a demurrer to the first writ of mandamus, unless it is an alternative writ, and demurrer thereto is taken, and section 2076, declaring that the statement contained in an alternative writ of mandamus is subject to the Code provisions respecting the statement in a complaint of the facts constituting

a cause of action, and that the person on whom the writ is served may demur thereto, the allowance of an alternative writ was not res judicata on the question of its sufficiency.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. ☞160.]

2. MANDAMUS ☞160—ALTERNATIVE WRIT—CONCLUSIONS.

A writ of mandamus, not containing a statement of the facts constituting the grievance to redress which it was issued, but only a legal conclusion or deduction of illegality based upon facts assumed arguendo, but not stated, was objectionable as to pleading.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. ☞160.]

3. MANDAMUS ☞168—REMOVAL OF OFFICER—PRESUMPTION.

Where a writ of mandamus to review the removal of a city employé does not contain appropriate allegations of the commissioner's bad faith, the court will presume that the removal was made for sufficient cause and in the proper administration of the department.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 372–374; Dec. Dig. ☞168.]

4. MANDAMUS ☞160—SUSTAINING DEMURRER—AMENDMENT OF WRIT.

Under Code Civ. Proc. § 2080, providing that a writ of mandamus cannot be amended without special application to the court, the court, on sustaining a demurrer, may allow the relator to apply to the Special Term for an amended writ within 20 days upon payment of costs.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. ☞160.]

Mandamus by one Reynolds against one Williams. Demurrer sustained, with leave to relator to apply to the Special Term for an amended writ within 20 days upon payment of costs.

Alfred J. Talley, of New York City, for relator.

Frank L. Polk, Corp. Counsel, of New York City (Elliot S. Benedict, of New York City), for respondent.

BENEDICT, J. [1] The allowance of the alternative writ did not, in my judgment, render the question of its sufficiency res judicata, as claimed on behalf of the relator. Were a different rule to be adopted, sections 2073 and 2076 of the Civil Code would in some cases be rendered nugatory. People ex rel. Michales v. Ahearn, 111 App. Div. 741, 98 N. Y. Supp. 492; People ex rel. Caridi v. Creelman, 150 App. Div. 746, 135 N. Y. Supp. 718; People ex rel. Meeks v. Drummond, by Pendleton, J., Law Journal, June 14, 1912.

[2] The writ is obnoxious to the objection that it does not contain a statement of the facts constituting the grievance to redress which it is issued, but only the legal conclusion or deduction of illegality based upon facts assumed arguendo, but not stated. This is bad pleading. See People v. Columbia Club (Sup.) 15 N. Y. Supp. 821, and People ex rel. Michales v. Ahearn, supra.

[3] If it be intended to charge that the commissioner acted in bad faith, the writ ought to contain appropriate allegations to that effect; otherwise, the presumption that the public officer has done his duty will be indulged in, and the court will presume that the removal was

made for sufficient cause and in the proper administration of the department.  Ramsay v. Hayes, 187 N. Y. 367, 370, 80 N. E. 193.

[4] The demurrer must for this cause be sustained, with leave, however, to the relator to apply to the Special Term for an amended writ within 20 days, upon payment of costs.  People ex rel. McDonald v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993, and 61 App. Div. 184, 70 N. Y. Supp. 417; section 2080, Civil Code.