(109 App. Div. 892)

PEOPLE ex rel. METCALF v. McADOO, Police Com'r of City of New York.

(Supreme Court, Appellate Division, Second Department. · December 29, 1905.)

1. MUNICIPAL CORPORATIONS—POLICE OFFICERS—COMPULSORY RETIREMENT—
MEDICAL EXAMINATION.
    Greater New York Charter, Laws 1901, p. 154, c. 466, § 355, provides
for the retirement of a police officer by the police commissioner in case
the officer has served 20 years, and is shown, by a "certificate of so many
of the police surgeons as the police commissioner may require," to be
permanently disabled, physically or mentally, so as to be unfit for duty.
Held, that where, pursuant to an order of the police commissioner, three
police surgeons examined relator, and, pretending to act as a board,
passed a resolution certifying that relator was disabled and unfit for
duty, which resolution was signed by one of their number as president
only, it was fatally defective, in that it was not made by the "surgeons
making the examination" itself, and, being a resolution, instead of a cer-
tificate, was not such an instrument as was contemplated by the statute.

2. SAME—EXTENT OF DISABILITY.
    Greater New York Charter, Laws 1901, p. 154, c. 466, § 355, provides
for the compulsory retirement, on pension, of a police officer who has
become permanently disabled, physically or mentally, so as to be unfit for
duty. Held, that the test whether or not a police officer was disqualified
was not whether he was physically or mentally imperfect and incapable
of officially performing every act that might properly be required of a
police officer in all the departments of the service, but whether he pos-

sessed the physical and mental qualifications to efficiently perform the duties of the office he was then filling.

8. SAME.

Where relator was assigned to duty as a police sergeant at a station where only desk service was required, and for 15 consecutive years he had lost no time on account of sickness, he was not physically disabled, sufficient to require his compulsory retirement, merely because a physical examination disclosed obesity, poor agility, and poor endurance.

4. SAME—CERTIFICATE—CONSTRUCTION.

A certificate of a medical board, appointed to examine relator, certified that he was permanently disabled, so as to be "unfit for police duty," that the cause of the disability was obesity, fatty heart, poor circulation, and that the nature of the disability was permanent, and its extent such as to unfit him for the performance of "full police duty." *Held*, that such certificate should be construed as a whole, and that the statement that he was unfit to perform "full police duty" qualified and limited the first clause that he was "unfit for police duty."

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Henry Metcalf, against William McAdoo, as police commissioner of the city of New York. From an order directing the issuance of a peremptory writ (95 N. Y. Supp. 511), defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MIL-LER, JJ.

James D. Bell, for appellant.

Alfred E. Sander, for respondent.

RICH, J. On February 21, 1905, the appellant ordered the board of surgeons of the police department of the city of New York to convene on the following day for the purpose of examining such members of the police force as he might designate and send before them with reference to their physical condition and ability to perform police duty, and at the conclusion of such examination to certify, "through its president and secretary, whether or not, in the case of each officer, he is permanently disabled, physically or mentally, so as to be unfit for duty." Among the officers designated for examination was the relator, who appeared before the board on February 22d, and was examined by Drs. Sullivan, Ostler, and De Forest. On the same day the board made its report to the appellant in the following language:

"Police Department of the City of New York.

"New York, February 22, 1905.

"William McAdoo, Police Commissioner—Dear Sir: At a meeting of the board of surgeons, held this day, Sergeant Henry Metcalf, of the Eighty-Second precinct, was examined with the following result: Age 61 years, height 5 feet 8, weight 222 pounds, girth of waist 48, chest measurement 41–42¼. General appearance of obese. Urine 5 pegr–1032–amber, acid, no albumen, no sugar. Serviceable teeth, fatty tumor (small) at umbilicus, no hemorrhoids, no varicose veins, no hernia, pulse at rest 76, irregular, no impulse at apex, lungs normal, too fat to palpate abdomen. Vision without glasses good in each eye. Hearing good. Agility and endurance poor. Strength fair. As a result of said examination, it was moved: Resolved, that we find Sergeant Henry Metcalf unfit for the performance of full police duty by reason of obesity, fatty heart, and poor circulation. Respectfully submitted,                    S. G. Cook, M. D. President.

"Dan H. Smith, Secretary."

Accompanying this report was the following paper:

"Certificate.

"Board of Surgeons, Police Department of the City of New York.

"New York, February 22, 1905.

"Dear Sir: At a meeting of the board of surgeons, held on the 22d day of February, 1905, it was resolved, that the following certificate in relation to the physical disability of Sergeant Henry Metcalf, of the eighty-second precinct, be, and is hereby, adopted, to wit: The board of surgeons of the police department of the city of New York do hereby certify that Sergeant Henry Metcalf, of the eighty-second precinct, is permanently disabled, so as to be unfit for police duty: that the cause of such disability is obesity, fatty heart, poor circulation; that the nature of such disability is permanent; that the extent of such disability is such as to unfit him for the performance of full police duty; that the said disability was incurred or sustained by the said Sergeant Henry Metcalf whilst in the actual performance of police duty, and by reason of the performance of such duty, and without fault or misconduct on his part.          "S. G. Cook, M. D., President.
"Dan H. Smith, Secretary."

On or about May 9th the appellant caused the following notice to be served on the relator:

"Police Department of the City of New York.

"New York, May 9, 1905.

"Henry Metcalf, Esq.—Sir: The police commissioner has directed me to notify you of the following proceedings, held May 9, 1905. It appearing that Henry Metcalf, of the 82d precinct, is a sergeant of the police force of the police department of the city of New York; that he has been a member of the said police force for a period of over 38 years; and that the board of surgeons has certified that he is permanently disabled, so as to be unfit for police duty: Therefore, ordered, that, in pursuance of the statutes in such case made and provided, Sergeant Henry Metcalf, of the 82d precinct, be, and is hereby, relieved and dismissed from said force and service, and placed on the roll of the police pension fund, and awarded and granted to be paid from said pension fund, an annual pension of one thousand ($1,000.00) dollars.

"Very respectfully,          George B. Stone, 2nd Dep. Chief Clerk."

The next day the relator delivered to the appellant a written protest as follows:

"New York, May 10, 1905.

"William McAdoo, Esq., Police Commissioner—Sir: I herewith desire to enter a protest against my being retired and dismissed from the police force by you on May 9, 1905. I am in good health and have not lost one day by sickness during the last fifteen (15) years, and I draw your attention to the fact that I am competent to attend to the duties of sergeant of police. I will further state that I am a veteran of the Civil War, and I therefore deny your right to summarily deprive my family of the necessaries of life. Most respectfully,
"[Signed]          Henry Metcalf, Late Sergeant 82d Precinct.
"Residence, 436 St. Marks avenue, Borough of Brooklyn, N. Y."

Since the service of said notice the relator has not been permitted to discharge the duties of his office or receive the emoluments thereof. On November 2, 1905, the relator applied, upon notice, to the Supreme Court at Special Term for a peremptory mandamus directing the appellant to reinstate him as a sergeant of police, and accord him all the rights, privileges, and emoluments of such office as of May 9, 1905. The application was granted, and an order entered accordingly, and from that order this appeal is taken.

The question presented involves an inquiry into the power and jurisdiction of the appellant to compulsorily retire the relator upon a pension, which requires a construction of sections 354 and 355 of the charter of the city of New York. Laws 1901, pp. 153, 154, c. 466. It appears from an affidavit of the appellant, used in opposition to the relator's motion for the issuance of the writ, that in making the order retiring the relator he acted under the provisions of section 355, and his counsel concedes that the case at bar does not come within the provisions of section 354. Section 355 provides for the exercise by the appellant of the power of retirement with a pension in six separate classes of cases: First, of a member of the age of 55 years, who has performed duty on the police force for a period of 20 years or upwards, upon his own application in writing. The exercise of power in this class of cases is discretionary. Second, of a member of any age who has served 20 years, and is shown, by a certificate of so many of the police surgeons as the police commissioner may require, permanently disabled, physically or mentally, so as to be unfit for duty. The exercise of power in this class of cases is mandatory. Third, of a member of the age of 55 years, who has performed duty for 25 years or upwards, upon his own application in writing, provided there are no charges pending against him. The exercise of power in this class of cases is mandatory. Fourth, of a member who is an honorably discharged soldier, who has reached the age of 60 years, upon his own application in writing, against whom no charges are pending. The exercise of power in this class is mandatory. Fifth, of a member who is an honorably discharged soldier or sailor, who has performed duty for a period of 20 years, upon his own application, provided no charges are pending. The exercise of power in this class is mandatory. Sixth, of a member, not an honorably discharged soldier or sailor, who shall have reached the age of 60 years. The exercise of power in this class is discretionary.

The relator, at the time of his retirement, was 61 years of age; an honorably discharged soldier of the Civil War, who had served as a police officer of the city of New York continuously for 39 years. He was filling the office of sergeant of police (to which he was promoted on December 13, 1869) at the time of his retirement. No power to summarily retire him is found in this section of the charter, unless his case comes within the purview of the second class stated, which is the contention of the appellant.

A necessary basis for jurisdiction in this class of cases, without which the commissioner cannot legally act, is the certificate "of so many of the police surgeons as the police commissioner may require, that the officer examined is permanently disabled, physically and mentally, so as to be unfit for duty." No such certificate was made or filed. The paper relied on, and upon which the appellant acted, which must be read and considered as a whole, fails in two jurisdictional prerequisites: First, it is not made by the persons authorized to make it, but by a board not created or empowered by law to act or certify; and, second, it does not certify such a physical condition of the relator as permitted or justified the action taken. It is not in form or execution such an instrument as the statute contemplates. Neither the president or secre-

tary who signed it is shown to have personally taken any part in the examination. Neither of the surgeons who made such examination personally certify to anything, and are not shown to have been present when the resolution (urged as a certificate) was adopted, or, if present, to have voted in the affirmative on the question of its adoption. The provisions of the statute do not warrant a construction sustaining this resolution as a certificate authorizing the commissioner to retire the relator from the police force. Their plain intent is that the commissioner shall designate the number of police surgeons he requires to make the examination, and unite in a certificate either generally, leaving to the board the selection and designation of the particular surgeons to examine and certify in each case, or by direction to the particular surgeons he desires to act, stating the number he requires to unite in the certificate, which must be signed by at least the required number of those who actually made the examination, and they must certify, as the result of their personal examination, that the officer examined is permanently disabled, physically and mentally, so as to be unfit for duty. This certificate is returned to the commissioner. Before he can retire the officer so certified upon a pension a certificate of such police surgeons, setting forth the cause, nature, and extent of the disability, disease, or injury of such officer, must be filed in the police department, as required by section 357. Then, and not until then, is the commissioner vested with jurisdiction to compulsorily retire an officer, whose case comes within the provisions of the second class, upon a pension.

The unfitness for duty, required by the statute as a condition precedent for retirement in the class of cases under consideration, must be substantial and connected with the position occupied on the force by the officer whose condition is being ascertained. If, as in the case at bar, such officer is a sergeant, whose duties did not require patrol (there being no post at his station, and are practically limited to desk work, he cannot be required to meet the physical standard and possess the physical qualifications required of a roundsman or patrolman. The test. is, not whether he is physically and mentally perfect and capable of efficiently performing every act that may properly be required of a police officer in all branches and departments of the service, but whether he possesses the physical and mental qualifications efficiently to perform the duties of the position he is filling. While the relator may not have possessed the qualifications for duties specially requiring youth and activity, or be as efficient in their performance as a younger and more active man, if he was qualified to discharge the duties of the position or office he was filling efficiently, he was not "unfit for duty," within the meaning of the statute; nor could he be required to possess the qualifications necessary for "full duty" as a condition of retaining his position on the force. He must have been found substantially unfit, by reason of his physical or mental condition, to discharge the duties limited to, and necessarily required in, the office of sergeant of police in an acceptable and efficient manner. The relator's physical and mental condition, as disclosed by the report of his examination and the manner of performance of his duty, established his fitness and ability properly to discharge the duties devolving upon and required of him

in the position he occupied at the station he was assigned to.   For 15 consecutive years he had lost no time on account of sickness.   He had discharged all the duties pertaining to his office without complaint of any kind from the public or his superior officers.   His lungs, kidneys, teeth, vision, and hearing were found to be good, and his strength fair. The only detrimental conditions shown by the report were obesity, poor agility, and endurance.   While these conditions may have unfitted him for the performance of full police duty, they do not establish that he was unfit for duty to such an extent as to warrant the examining surgeons in making a certificate of that character.   Their certificate that he was unfit for full police duty was as broad as they were warranted in making, as conclusions justified by their examination as disclosed by their report.

It is argued that because the resolution of the board first states that the relator "is permanently disabled, so as to be unfit for police duty," which, standing alone, would meet the requirements of the statute, that its subsequent statement that "the nature of such disability is permanent, and that the extent of such disability is such as to unfit him for the performance of full police duty," must be held superfluous, and stated only to meet the requirement of section 357, relating to the granting of pensions, and did not limit or control the power of the commissioner to act under the first statement.   We do not agree with counsel in this contention.   The certificate must be read and considered as a whole, and the effect of the latter statement was to qualify, control, and limit the general language first used.   As a whole, it was a certification only of the conclusion reached (and the only one warranted by the examination) that the relator's physical condition was such as to incapacitate him from the performance of full police duty, which was not sufficient to warrant or justify the order made and action taken by the appellant.

The order must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.   All concur.