(125 App. Div. 722.)

PEOPLE ex rel. PRICE v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

MANDAMUS—SUBJECTS AND PURPOSES OF RELIEF—REINSTATEMENT OF MEMBER OF POLICE DEPARTMENT.

Where the police commissioner retired a member of the police department as authorized by Greater New York Charter, Laws 1901, p. 154, c. 466, § 355, providing that the police commissioner shall place on the pension roll a member who has served 20 years, on a surgeon's certificate showing that such member is permanently disabled, such member cannot attack the commissioner's action and jurisdiction by going back of the same and attacking the truthfulness of the surgeon's certificate, and by mandamus compel his reinstatement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 161–169.]

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Joseph Price, against Theodore A. Bingham, as police commissioner of the city of New York. From an order granting an alternative writ, Bingham appeals, and also relator, on the ground that the order should have given a peremptory writ. Order reversed, and application denied.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Edmund F. Driggs, for relator.
James D. Bell, for defendant.

PER CURIAM. This is an application for a writ of mandamus requiring the police commissioner of the city of New York to reinstate the relator in the police department to the place and grade from which the police commissioner has removed him, and an alternative writ has been granted. The application should have been denied. Section 355 of the city charter (Laws 1901, p. 154, c. 466) provides that the police commissioner shall by order dismiss from the police force, and place on the roll of the pension fund any member of the police force who has performed duty on such force for 20 years or more, "upon a certificate of so many of the police surgeons as the police commissioner may require, showing" that such member "is permanently disabled, physically or mentally so as to be unfit for duty." Such a certificate was regularly made in the case of the relator, following the decision in the case of Metcalf, 48 Misc. Rep. 420, 95 N. Y. Supp. 511; Id., 109 App. Div. 892, 96 N. Y. Supp. 868; Id., 184 N. Y. 268, 77 N. E. 17. It thereupon became the duty of the commissioner to dismiss and retire him. Having therefore acted with jurisdiction, and as required by law, a writ of mandamus cannot issue to compel him to undo his action. The relator cannot successfully attack the commissioner's action and · jurisdiction by going back of the same and attacking the truthfulness of the certificate of the surgeons. Their action was judicial and binding on the commissioner; and, moreover, if that question were here, we might have to decide that their action is not reviewable on an application for a writ of mandamus. People ex rel. Francis v. Common Council, 78 N. Y. 33, 34 Am. Rep. 500; People ex rel. Apfel v. Casey, 66 App. Div. 211, 72 N. Y. Supp. 945.

The order should be reversed, and the application denied.

Order reversed without costs, and application denied without costs.