### REYNOLDS v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. STATUTES—CONSTRUCTION.

An unscientific and bungling statute cannot be construed and interpreted by the same strict scientific rules as a consistent and scientific one.

2. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—REMOVAL OF POLICE OFFICER.

Greater New York Charter, Laws 1901, p. 154, c. 466, § 355, provides that any member of the police force of 20 years' service shall "be relieved and dismissed from said force and service and placed on the roll of the police pension fund" upon a certificate of police surgeons showing that he "is permanently disabled, physically or mentally, so as to be unfit for duty." Section 357 (page 157) varies the phraseology of section 355, and provides that no member of the force shall be granted a pension "on account of physical or mental disability or disease," except on such a certificate "which shall set forth the cause, nature and extent of the disability, disease, or injury." A surgeons' certificate recited that a police officer of more than 20 years' service was "permanently disabled physically so as to be unfit for duty; that the cause, nature and extent of the disability is defective vision in both eyes, $15/100$ in each eye. Extent, complete." *Held*, that the certificate was sufficient under each section, as it certified, not only the character of the disability, but also its cause.

Appeal from Special Term, Kings County.

Mandamus by James G. Reynolds against Theodore A. Bingham, as police commissioner of the city of New York, to compel relator's reinstatement as a police officer. From an order directing a peremptory writ, respondent appeals. Reversed, and application denied.

The relator, a captain of police, was relieved and dismissed from the police force of the city of New York, and placed on the roll of the police pension fund by the police commissioner on the following certificate of three police surgeons: "We do hereby certify that said James G. Reynolds, who has performed duty on the police force for a period of twenty years and upwards, is

pemanently disabled physically so as to be unfit for duty; that the cause, nature and extent of such disability is defective vision in both eyes, $15/100$ in each eye. Extent complete. That such disability is permanent, and is of such a character as to unfit him for the performance of police duty."

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

James D. Bell, for appellant.

Bernard J. York (Frank B. York, on the brief), for respondent.

PER CURIAM. The learned court below decided that the certificate of the surgeons was not sufficient in substance to give the police commissioner jurisdiction to remove the relator from the police force and place him on the roll of the police pension fund. Section 355 of the city charter (Laws 1901, p. 154, c. 466) provides that any member of the police force who has served for 20 years (which is the case of the plaintiff) shall "be relieved and dismissed from said force and service and placed on the roll of the police pension fund" by the police commissioner, "upon a certificate of so many of the police surgeons as the police commissioner may require," showing that he "is permanently disabled, physically or mentally so as to be unfit for duty." The certificate of the surgeons on which the relator was retired complies with this. But section 357 varies, and, it may be, enlarges, the phraseology. It provides that no member of the force shall be granted or paid a pension "on account of physical or mental disability or disease" except on such a certificate "which shall set forth the cause, nature and extent of the disability, disease or injury." Even here the phraseology varies. An unscientific and bungling statute cannot be construed and interpreted by the same strict scientific rules as a consistent and scientific statute. It is claimed that the certificate does not certify the "cause" of the disability. It certifies in so many words that defective vision is the cause of the disability; but the argument for the relator treats the defective vision as the disability, instead of the cause thereof, and then urges that the "cause" of the defective vision is what the statute requires, whereas the certificate does not give it. Our language is hardly flexible enough to express the whole argument on this head. The plain fact of the matter is that the certificate certifies that the relator is disabled, and that such disability is caused by defective vision.

The order should be reversed, and the application denied.

Order reversed, without costs, and application denied, without costs.