In the Matter of the Application of WILLIAM H. HODGINS, Appellant, for a Writ of Mandamus against THEODORE A. BINGHAM, as Police Commissioner of the City of New York, Respondent.

**Evidence — when certificate of police surgeon not conclusive evidence of disability of member of New York police force.**

The certificate of a police surgeon is not final and conclusive evidence of the disability of a member of the New York police force, where the order for his retirement is made in opposition to his wishes and to his claim that he is possessed of good health and that he is fully able to discharge all the duties of his position.

Where issue is joined as to the truth of such a certificate, the person affected thereby has a right to have it tried and determined by an alternative writ of mandamus.

*Matter of Hodgins* v. *Bingham*, 128 App. Div. 151, reversed.

(Argued June 4, 1909; decided October 19, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 16, 1908, which reversed an order of Special Term granting a motion for an alternative writ of mandamus directing the defendant to reinstate the petitioner as captain of police in the police department of the city of New York.

The facts, so far as material, are stated in the opinion.

*Julius M. Mayer* and *A. S. Gilbert* for appellant. The finding by the police surgeons as to the fact of the physical condition of the relator is subject to review. (*People ex rel. Schau* v. *Mc Williams*, 185 N. Y. 92.)

*Francis K. Pendleton, Corporation Counsel (James D. Bell* of counsel), for respondent. The order of the Special Term was properly reversed as there were no issuable facts to be ascertained by means of the alternative writ of mandamus. (*People ex rel. Eastmond* v. *Oakley*, 93 App. Div. 545; 179 N. Y. 513; *People ex rel. Price* v. *Bingham*, 125 App. Div. 722; 193 N. Y. 610; *People ex rel. Apfel* v. *Casey*, 66 App. Div. 211.) The action of the police commissioner was in strict accordance with the law, and the order of the Appellate Division reversing that of the Special Term is, therefore, right and should be sustained. (*People ex rel. Devery* v. *Coler*, 173 N. Y. 103; *Pennie* v. *Reis*, 132 U. S. 464; *Matter of Friel*, 101 App. Div. 155; 181 N. Y. 558; *People ex rel. Metcalf* v. *McAdoo*, 184 N. Y. 268; *Matter of Reynolds* v. *Bingham*, 126 App. Div. 289; 193 N. Y. 601; *Wormser* v. *Brown*, 149 N. Y. 163.)

HAIGHT, J. The relator, William H. Hodgins, was appointed a member of the police department of the city of New York on the 25th day of January, 1888, and continued a member of the department until the 6th day of November, 1907, at which time he was retired and dismissed by the police commissioner from the force and granted a pension at the rate of $1,375 per annum, he at that time being a captain of police. This dismissal was based upon a certificate signed by three surgeons of the police force, which is as follows:

"We do hereby certify that William H. Hodgins, who has served the police force and been a member thereof for more than ten and less than twenty-five years is disabled physically so as to be unfitted and unable to perform full police duty; that the cause, nature and extent of such disability and unfitness is myocarditis, chronic nephritis and obesity. Extent complete, and is of such a nature and character as to unfit and disable him for the performance of full police duty; and that said (disability) (disease) was contracted by the said William H. Hodgins without fault or misconduct on his part."

Thereupon the relator demanded reinstatement, and upon

the refusal of the commissioner to so do he applied for a peremptory writ of mandamus compelling his reinstatement, in which he alleged that the findings and certificates of the police surgeons upon which the commissioner based his order for removal were wrong and false; that in point of fact he was strong, able-bodied and fully fit physically for the performance of the duties of his office as captain of police.

Upon the hearing at Special Term his application for a peremptory writ was refused, but an alternative writ of mandamus was granted. From that order the corporation counsel appealed to the Appellate Division, which court reversed the order allowing the relator an alternative writ and denied his motion. The relator did not appeal from the order of the Special Term refusing the peremptory writ, and, therefore, the only question presented for our determination is as to whether he was entitled to the alternative writ. The determination of this question depends upon the further question as to whether the certificates of the police surgeons are final and conclusive upon him, thus prohibiting him from showing under the alternative writ that he was able-bodied, free from disease and able to perform his duties as a captain of police.

There are various provisions of the charter of the city permitting a member of the police force after having arrived at the age of fifty-five years and after serving upon the force for a period of twenty years or more to be retired upon his own application and allowed a pension upon producing the certificates of the number of police surgeons required by the police commissioner showing that he had become permanently disabled physically or mentally so as to be unfit for duty, in which case the certificates are undoubtedly conclusive evidence upon the question. There are other provisions pertaining to honorably discharged soldiers and sailors from the army and navy of the United States in the Civil war and policemen who have become upwards of sixty years of age, which are not necessary now to be considered, for there is no claim that the relator's case falls within any of those provisions. The provisions of the charter, so far as applicable to

the relator's case, are as follows : " § 354. The police commissioner shall have power, in his discretion, to retire and dismiss from membership in the said police force, and thereupon to grant pensions to, as hereinafter provided, any member of the police force of said city who shall have become disabled, physically or mentally, or superannuated by age so as to be unfit for police duty, and to widows and orphans of such members to be paid from the police pension fund as follows : * * * 4. To any such member of the said police force who shall, after ten years, and less than twenty-five years' membership in any such police force, become superannuated, by age, permanently insane or mentally incapacitated, or disabled physically or mentally, so as to be unfitted or unable to perform full police duty by reason of such disability or disease contracted without misconduct on his part, a sum not to exceed one-half nor less than one-fourth, of his rate of compensation per annum." " § 357. No member of the police force shall be granted, awarded or paid a pension on account of physical or mental disability or disease, unless a certificate of so many of the police surgeons as the police board may require, which shall set forth the cause, nature and extent of the disability, disease or injury of such member, shall be filed in the department."

It will be observed that, under the provisions of section 354, there is no requirement for any surgeon's certificate whatever; but under the provisions of section 357 the surgeon's certificate is required in order for a policeman to be awarded a pension. Inasmuch, therefore, as the power of the police commissioner to retire and dismiss under section 354 is coupled with the power to grant a pension it was doubtless intended that the commissioner should base his action upon the information derived from the certificates of the surgeons of police, but we find nothing in these provisions of the statute that makes such certificates conclusive evidence of his disability, where the order for his retirement is made in opposition to his wishes and to his claim that he is possessed of good health and is fully able to discharge all of the duties

of his position. As we have seen, he has alleged that the certificates of the police surgeons are wrong and false; that he is strong and able-bodied, fully fit physically for the performance of his duties. We think, therefore, that if issue is joined upon this allegation he has a right to have it tried and determined.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to abide the event.

EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., and HISCOCK, J., concur in result.

Order reversed, etc.