(66 Misc. Rep. 219.)

PEOPLE ex rel. TIGHE v. BINGHAM, Police Com'r.

PEOPLE ex rel. SHIRE v. SAME.

(Supreme Court, Special Term, Kings County.    January, 1910.)

1. MUNICIPAL CORPORATIONS (§ 187*)—POLICE OFFICERS—RETIREMENT.

Greater New York Charter (Laws 1901, c. 466) § 354, subd. 4, authorizing the retirement of policemen who have been more than 10 and less than 25 years in the service, because of disability, does not authorize the retirement of officers who have been in the service for more than 25 years.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 187.*]

2. MUNICIPAL CORPORATIONS (§ 187*)—POLICE OFFICERS—RETIREMENT—GREATER NEW YORK CHARTER.

Greater New York Charter (Laws 1901, c. 466) § 355, is not limited to the retirement of police officers because of disability on their own application, but authorizes the police commissioner to retire officers on pension, on the certificate of the police surgeons that disability exists.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 187.*]

Motions for mandamus by the People, on the relation of Robert A. Tighe and Nathaniel N. Shire, against Theodore A. Bingham, as Police Commissioner. Denied.

Grant & Rouss, for the motions.

Francis K. Pendleton, Corp. Counsel, James D. Bell, and James W. Covert, opposed.

BLACKMAR, J. Motions for writs of mandamus to compel the police commissioner to reinstate members of the force who have been retired against their will and placed on the pension roll, on the certificate of police surgeons to their physical disability.

The case of People ex rel. Price v. Bingham, 125 App. Div. 722, 110 N. Y. Supp. 136, affirmed in 193 N. Y. 610, 86 N. E. 1131, seems to me decisive authority on this application. That case is not overruled by Matter of Hodgins v. Bingham, 196 N. Y. 123, 89 N. E. 423. The

Hodgins Case holds that the authority given by section 354 of the charter (Laws 1901, c. 466) to the police commissioner to retire a member of the force depends on the fact of the existence of the disability. As the power of the commissioner to act depended on the existence of a fact, the court held that an alternative writ of mandamus should issue to inquire into the question of fact.

But in the case at bar the removal was not under section 354, and it could not have been because the petitioners have been 27 years and 29 years in the service, respectively, and the authority to retire under section 354, subd. 4, exists only in case of a member who has been more than 10 and less than 25 years in the service.

The commissioner in this case acted under section 355. His power and duty to act does not depend on the existence of the disability, but upon the existence of a certificate of the police surgeons that such disability exists. As there was such a certificate in this case, the commissioner was required by law to retire the petitioners. He was, therefore, in the strict line of his duty in so doing. The remedy by mandamus is to compel the performance, and not the violation, of duty by public officers.

The counsel for petitioners claims that section 355 only applies to cases where the member is retired on his own application, and not to cases where the proceedings are against his will. Section 355 is involved, inartificially expressed, and, read alone, uncertain in its meaning; but, if we give it the meaning claimed by petitioners' counsel, we are led to the strange conclusion that if a member has served 25 years or more he cannot be retired against his will, no matter how utterly unfitted for active duty he may become by reason of age or mental or physical disease. This flows from the fact that the power to retire conferred by section 354 exists only where the member has been more than 10 and less than 25 years in the service, and the power of compulsory retirement in cases not within section 354 does not exist, unless found in section 355.

The limitation prescribed in section 302 does not apply to this case, and it is not necessary to decide the question of laches.

Motions denied.