PEOPLE ex rel. CUNNINGHAM v. HAYES, Fire Com'r, et al.

(Supreme Court, Special Term, Kings County. February 28, 1910.)

1. MUNICIPAL CORPORATIONS (§ 200*)—COMMISSIONER OF FIRE DEPARTMENT—RETIREMENT OF EMPLOYÉ—REINSTATEMENT.

Under Charter of City of New York (Laws 1901, c. 466) § 790, providing that any officer or member who has performed duty for 20 years shall on his own application in writing, or on certificate of the board of medical officers, showing that such member is permanently disabled so as to be unfit for duty, be retired and dismissed on half pay for life, where the certificate of medical officers is made as provided for, it is the duty of the commissioner to act, and mandamus cannot be granted against him to compel a reinstatement.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 200.*]

2. MUNICIPAL CORPORATIONS (§ 200*)—FIRE DEPARTMENT—RETIREMENT OF EMPLOYÉ—CERTIFICATE OF MEDICAL BOARD.

A certificate that an employé in the fire department was disabled from the performance of the duties of "his" position, and that he was rendered unfit for the performance of fire department duty, was not a compliance with Charter of City of New York (Laws 1901, c. 466) § 790, providing that any officer or member who has performed duty for 20 years shall, on certificate of the board of medical officers showing that such member is permanently disabled so as to be unfit for duty, be retired and dismissed on half pay for life, as such a person may have been unfit for his duty as fireman, and yet may have been able to perform some other light duties, in which case he should have been retained.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 200.*]

3. MUNICIPAL CORPORATIONS (§ 200*)—FIRE DEPARTMENT—RETIREMENT OF MEMBER OF DEPARTMENT—CERTIFICATE.

Such certificate was, however, sufficient to authorize the commissioner to act under another clause of said section, which confers on him discretionary power to dismiss and retire any member who may, upon an examination by the medical officers, be found to be disqualified for the performance "of his duties," but limiting such power by providing that, should the member's disability be caused by injuries received in the service disqualifying him only from performing active duty on the uniformed force, he shall be employed at the same salary in some other position.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 200.*]

4. MUNICIPAL CORPORATIONS (§ 200*) — FIRE DEPARTMENT — RETIREMENT OF MEMBER—CERTIFICATE OF MEDICAL BOARD—CONCLUSIVENESS.

Charter of City of New York (Laws 1901, c. 466) § 790, providing for the retirement of members of the fire department on certificate of disability by the board of medical officers, and making such certificate conclusive as to disability, is reasonable, and the only requirement to the validity of such certificate is that it shall be based on an examination such as doctors usually give to a patient.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 200.*]

5. MUNICIPAL CORPORATIONS (§ 200*)—COMMISSIONER OF FIRE DEPARTMENT—RETIREMENT OF FOREMAN—CONCLUSIVENESS.

Charter of City of New York (Laws 1901, c. 466) § 790, relating to the fire department, provides that any officer or member who has performed duty for 20 years shall, on his application in writing, or on certificate of the board of medical officers, showing that such member is permanently disabled so as to be unfit for duty, be retired and dismissed on half pay

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

for life, and confers on the commissioner discretionary power to dismiss and retire any member who may, on examination by the medical officers, be found to be disqualified for the performance of duty, and that should the member's disability be caused by injuries received in the service, disqualifying him only from performing active duty on the uniformed force, he shall be employed at the same salary in some other position. *Held,* that the action of the commissioner on a certificate of the medical officers, based on an examination of an employé, that he is physically disabled for his duties as foreman, is conclusive as to such disability, but not on the question whether the disabilities were caused by injuries received in the service, which issue may be tried under an alternative writ of mandamus.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 200.*]

Application for writ of mandamus by Cornelius Cunningham against Nicholas J. Hayes, Commissioner of the Fire Department of the City of New York, and another. Alternative writ ordered.

John J. McGinniss, for relator.
Francis K. Pendleton, Corp. Counsel, opposed.

BLACKMAR, J. This is a motion by a member of the fire department, who has served upwards of 20 years, for a writ of mandamus requiring his reinstatement as foreman or in some capacity not requiring active service, at the salary he was receiving when retired.

The petitioner was retired on half pay by the commissioner on October 8, 1909. The commissioner acted as appears from special order No. 153 on the certificate of the medical officers, dated September 27th, to the effect that the petitioner was suffering from a weak heart and defective vision, and therefore "is totally and permanently physically disabled for the performance of the duties of his position; that the disability is of such a nature as to render him totally unfit for the performance of fire duty in this department; and that it was not caused in or induced by the actual performance of the duties of his position." The petition alleges that the petitioner is not disabled from the performance of duty, and that the disability assigned, namely, weak heart and defective vision, was caused and induced by exposure and injuries received while in active duty, and that he had no notice of any hearing on the subject of the cause of the disability. The answering affidavits state that the records show that petitioner never made any complaint as to any injuries to his eyes, and that the duties of foreman are such as "not ordinarily to occasion heart trouble," and that each and every statement in the certificate is true.

The corporation counsel quotes, as authority for the retirement, from section 790 of the charter (Laws 1901, c. 466), the provision that any officer or member who has performed duty for 20 years shall upon his own application, in writing, or upon a certificate of the board of medical officers showing that such member is permanently disabled physically or mentally so as to be unfit for duty, be retired and dismissed on half pay for life. If the certificate of the medical officers had complied with this provision, I think that the action of the commissioner thereon could not be nullified by mandamus. The charter

requires that the retirement shall follow the giving of such a certificate. It is the duty of the commissioner to act upon such a certificate, and mandamus cannot be granted to compel the violation of a duty. But the certificate in this case did not comply with this provision. It stated that the petitioner was disabled from the performance of the duties of his position, i. e., foreman, and that he was rendered unfit for the performance of fire duty. In order to comply with the statute, the certificate should state that he is unfit for the performance of duty, i. e., any duty, and not simply for the performance of fire duty or the duty of foreman, for it appears that there are other and lighter duties for which he may be fitted, even if the certificate be literally true. The certificate of the medical officers is therefore not sufficient to sustain the commissioner's action, under the clause above quoted.

But there are provisions in section 790 of the charter other than that above quoted. Another clause confers on the commissioner discretionary power to dismiss and retire any member who may upon an examination by the medical officers be found to be disqualified for the performance of his duties. This is different. A foreman like the petitioner may be disqualified for the performance of his duties, i. e., active fire duty as fireman, while not disabled so as to be unfit for any duty, i. e., all duties including those of some position in the department not requiring active duties as fireman.

The certificate seems to be sufficient under this clause of the section, for it does state that the petitioner is "disabled for the performance of his duties." The existence of the medical certificate furnished the evidence required by statute to enable the commissioner to act. He could retire and dismiss on a pension; but his power was limited by the proviso that, should the member's disability be caused by injuries received in the service disqualifying him only from performing active duty on the uniformed force, he shall be employed at the same salary in some other position.

If the petitioner's disability was caused by injuries received in the service, he cannot be dismissed on a pension, but must be employed at the same salary in some clerical or other position. The existence of the disability is conclusively established by the certificate of the medical officers. The statute so expressly provides, and the rule that such a fact may be conclusively established by certificates of medical officers is reasonable. The only requirement to the validity of such a certificate is that it shall be based on an examination of the petitioner. This means such an examination as doctors usually give to a patient. And such examination was had in this case.

But the statute does not provide that the medical officers shall pass on the question whether the disability was caused by injuries in the service. Upon this point the finding is not conclusive because the statute does not so read. The statute does provide that "in every case the said fire commissioner is to determine the circumstances thereof." I should consider it a curious question whether this does not make the commissioner a conclusive judge of the question whether the disability was caused by injuries in the service; but the Appellate Division

has relieved me from the necessity of examining this question. That court said in People ex rel. Young v. Sturgis, 85 App. Div. 20, 82 N. Y. Supp. 953:

"This (i. e., the provision that in every case the commissioner is to determine all the circumstances) is qualified by the portion of the section 'above quoted' (i. e., that providing for lighter duties at the same salary where the disability was caused by injuries in the service), and is subordinate thereto. Besides, his determination in this case is weakened, if not destroyed, by the fact that the relator had no notice or opportunity to be heard."

I hold, therefore, that the action of the commissioner on the certificate of the medical officers, based on an examination of the relator, that he is physically disabled for his duties, is conclusive; but that it is not conclusive on the question whether the disabilities were caused by injuries received in the service. As this is affirmed in the moving papers and denied in the answering affidavits, the issue should be tried out under an alternative writ of mandamus. Whether the action of a commissioner, either of fire or police, is conclusive or not, depends on the wording of the statute. If the statute provides that the existence of a certificate of medical officers shall authorize the commissioner to act, then his act pursuant thereto cannot be overruled. People ex rel. Price v. Bingham, 125 App. Div. 722, 110 N. Y. Supp. 136; Matter of Reynolds v. Bingham, 126 App. Div. 289, 110 N. Y. Supp. 520. On the other hand, if the power of the commissioner to act depends on the existence of a fact, then whether or not that fact exists is a question of fact, and such question may be tried in the courts. Matter of Hodgins v. Bingham (Court of Appeals, October 19, 1909) 196 N. Y. 123, 89 N. E. 423. The decided cases seem to me to be in harmony.

An alternative writ to try whether the relator's disability was caused by injuries received in the active discharge of his duties may issue.