PEOPLE ex rel. PATRICK KANE, Relator, *v.* THOMAS J. DRENNAN, Fire Commissioner of the City of New York, Respondent.

(Supreme Court, Kings Special Term, January, 1919.)

**Mandamus — when application for a writ of alternative, granted — Greater New York Charter, § 790.**

> Section 790 of the Greater New York Charter confers upon the fire commissioner the power to retire from all service, or service at fires, any officer or member of the uniformed force who may be found, upon examination by the medical officers, to be disqualified, physically or mentally, for the performance of his duties, and provides that a person so retired shall receive an allowance as pension or as compensation for limited service. *Held,* that a further provision of said section that, " In every case the said fire commissioner is to determine the circumstances thereof," read in connection with the permissive language of the first clause of said section, must be taken to mean that the commissioner shall determine as a fact whether the disability exists and if so whether it is total or partial and the certificate or finding of the medical officer is not conclusive upon said commissioner.

> An application for a writ of alternative mandamus for the reinstatement of relator in the position of fireman in the uniformed force of the fire department of the city of New York, from which position he was retired without a hearing, will be granted and a motion for reargument denied.

APPLICATION for a reargument of a motion for an alternative writ of mandamus.

Richard E. Weldon, for relator.

William P. Burr, corporation counsel (William B. Carswell and Joseph P. Reilly, of counsel), for respondent.

BENEDICT, J.   This is an application for a reargument of a motion for an alternative writ of mandamus for the reinstatement of relator in the position of fireman in the uniformed force of the fire department of the city of New York.   On the original argument I granted the motion, and after a re-examination of the matter I adhere to that determination.

Section 790 of the charter provides that the fire commissioner shall have power to retire from all service, or from service at fires, any officer or member of the uniformed force who may be found upon examination by the medical officers to be disqualified, physically or mentally, for the performance of his duties.   Then, after providing that a person so retired shall receive an allowance as pension or as compensation for limited service, the section proceeds:   " In every case the said fire commissioner is to determine the circumstances thereof."   While there may be some room for doubt, I think this provision, especially when considered in connection with the first clause of the section, which is couched in permissive language, must be taken to mean that the commissioner shall determine as a fact whether the disability exists, and if so, whether it is total or partial, and that the certificate or finding of the medical officer is not conclusive upon him.   *People ex rel. Williamson* v. *Scannell,* 34 Misc. Rep. 709.   I am aware that this conclusion is contrary to a holding or dictum in *People ex rel. Cunningham* v. *Hayes,* 66 Misc. Rep. 531, which in my opinion is not supported either by the language of the statute or by authority.   The case of *People ex rel. Young* v. *Sturgis,* 85 App. Div. 20, relied on in that case, only goes to the extent of holding that the provision that in every case the commissioner is to determine the circumstances thereof is qualified by the further provision that where the member of the force is not disqualified for the per-

Supreme Court, January, 1919.        [Vol. 106.

formance of lighter duties he shall be assigned to such duties. *People ex rel. Price* v. *Bingham,* 125 App. Div. 722, and *Matter of Reynolds* v. *Bingham,* 126 id. 289, other authorities relied upon in the *Cunningham* case, were both cases arising under section 355 of the charter, relating to retirements by the police commissioner, the language of which is that a member of the police force, upon a proper certificate of police surgeons showing disability, '' shall '' be relieved or dismissed from the force, etc., language which clearly leaves nothing for the commissioner to determine, but renders the certificate conclusive upon him. The language of section 790 is so different that no case construing section 355 is of any pertinency in the construction of section 790.

Furthermore, in the present case no hearing was given to relator. See *People ex rel. Young* v. *Sturgis,* 85 App. Div. 20; *People ex rel. Williamson* v. *Scannell, supra.*

Mandamus seems to be the proper remedy. *People ex rel. Williamson* v. *Scannell, supra; Ramsay* v. *Hayes,* 187 N. Y. 367. The delay of the relator in instituting this proceeding is, I think, sufficiently explained.

On reargument the motion for an alternative writ of mandamus as prayed for is granted, with ten dollars costs.

*Motion granted, with ten dollars costs.*