In the Matter of the Application of HELEN G. BRAND, Petitioner, for an Alternative Order of Mandamus against TEACHERS' RETIREMENT BOARD and Others, as Members of and Constituting the Medical Board of the Teachers' Retirement System, Defendants.

Supreme Court, Special Term, New York County, May 25, 1937.

*Austin B. Mandel*, for the petitioner.

*Paul Windels, Corporation Counsel* [*Cyrus C. Perry* of counsel], opposed.

FRANKENTHALER, J. " Whether the action of a commissioner, either of fire or police, is conclusive or not, depends on the wording of the statute. If the statute provides that the existence of a certificate of medical officers shall authorize the commissioner to act, then his act pursuant thereto cannot be overruled. *People ex rel. Price* v. *Bingham*, 125 App. Div. 722; *Matter of Reynolds* v. *Bingham*, 126 App. Div. 289. On the other hand, if the power of the commissioner to act depends on the existence of a fact, then whether or not that fact exists is a question of fact, and such question may

be tried in the courts. *Matter of Hodgins* v. *Bingham* (Court of Appeals, October 19, 1909), 196 N. Y. 123." (*People ex rel. Cunningham* v. *Hayes*, 122 N. Y. Supp. 104, 107.)

In the instant case the statute does not provide that the retirement board, on receipt of a certificate of incapacity from the medical board, shall retire a contributor for disability. If it did, the certificate would be conclusive. The statute here under consideration makes the certificate of the medical board a condition precedent to compulsory retirement, but does not obligate the retirement board to retire the contributor in the absence of an independent finding of disability. The case of *Matter of Hodgins* v. *Bingham* (196 N. Y. 123) appears to be conclusive here. On facts substantially identical an alternative order of mandamus was there authorized to try out the question of disability. *Matter of De Lorme* v. *Altman* (N. Y. L. J. Sept. 26, 1935, p. 960; affd., 246 App. Div. 709) is distinguishable, for there the application for retirement was made by a contributor who, under the statute, required a certificate from the medical board, such certificate being made a condition precedent by said statute. It does not follow that the existence of such a certificate from the medical board is conclusive upon a contributor as to the question of disability where the retirement is involuntary from the standpoint of the contributor.

The motion is granted to the extent of authorizing the issuance of an alternative order of mandamus. Settle order.