In the Matter of ROSE M. SHERIDAN, Respondent, against JOHN J. MCELLIGOTT, as Fire Commissioner of the City of New York, Appellant.

Argued March 8, 1938; decided May 24, 1938.

60

*William C. Chanler, Corporation Counsel (James Hall Prothero, Paxton Blair* and *Charles E. Hirsimaki* of counsel), for appellant. It was error for the court to permit the finding of the Medical Board and the decision of the Fire Commissioner to be annulled by a jury verdict, where there is no proof of error or arbitrary conduct. *(Matter of Nash* v. *Brooks,* 276 N. Y. 75; *People ex rel. Bliel* v. *Martin,* 131 N. Y. 196; *Matter of Kelly* v. *Morgan,* 245 App. Div. 59; 272 N. Y. 666; *Matter of Albano* v. *Hammond,* 268 N. Y. 104; *Matter of Agoglia* v. *Mulrooney,* 259 N. Y. 462; *People ex rel. New York & Queens Gas Co.* v. *McCall,* 219 N. Y. 84; 245 U. S. 345; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Gallagher* v. *Valentine,* 246 App. Div. 576; *Matter of McCabe* v. *Mulrooney,* 235 App. Div. 612; *Matter of Rowlands* v. *Teachers' Retirement Board,* 241 App. Div. 861.)

*Edward M. Edenbaum, T. J. Gillen* and *Ralph O. L. Fay* for respondent. It was not error for the court to annul an erroneous finding of the Medical Board and the decision of the Fire Commissioner based thereon. (*Matter of Potts* v. *Kaplan,* 264 N. Y. 110; *Flood* v. *McElligott,* 249 App. Div. 608; *Ramsay* v. *Hayes,* 187 N. Y. 367; *Matter of Ulster County* v. *State Dept. of Public Works,* 211 App. Div. 629; *People ex rel. Empire City Trotting Club* v. *State Racing Comm.,* 190 N. Y. 31; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *Matter of Hodgins* v. *Bingham,* 196 N. Y. 123; *People ex rel. Williamson* v. *Scannell,* 34 Misc. Rep. 709; *People ex rel. Kane* v. *Drennan,* 106 Misc. Rep. 40; *People ex rel. Young* v. *Sturgis,* 85 App. Div. 20; 176 N. Y. 563; *Roddy* v. *Valentine,* 268 N. Y. 228.)

O'BRIEN, J. Petitioner is the widow of Arthur A. E. Sheridan who died while a member of the uniformed force of the Fire Department of the city of New York. The petition alleges that he died in February, 1936, as a result of injuries sustained by him at a fire. At the time of his death his salary was $3,000. Petitioner has been awarded a pension of $600 per annum. This mandamus proceeding is brought to compel the Fire Commissioner, as trustee of the relief fund of the Fire Department, to award to her an annual pension of one-half her husband's salary, or $1,500. It is based upon the provisions of section 791, Greater New York Charter (Laws 1901, ch. 466, as amd.), as it existed at the time of the death of petitioner's husband. This section provides that the annual allowance to the representative of a member of the uniformed force who shall die during his term of service " *shall* be six hundred dollars," and that, in the case of the death of such a member resulting from actual performance of his duties, the trustee of the relief fund " *shall have the power* " to award to the widow an amount not to exceed one-half of his compensation at the date of his decease.

Assuming that the death of petitioner's husband February 22, 1936, resulted from injuries sustained by him at a fire February 1, 1936, does section 791 impose a mandatory duty upon the Fire Commissioner to grant a pension in excess of $600? In any event, the pension "*shall*" be not less than $600, but, in the case of death resulting from active duty, the Commissioner "shall have the *power*" to award a sum indefinite in amount but not more than half the salary of the deceased fireman. Concede, if we please, that the fireman's death resulted from injury while actually engaged in the performance of his duty. The most that can be said is that the Fire Commissioner *has the power* to award a pension in an amount not to exceed one-half of his salary. This discretion is vested in the Fire Commissioner and is not reviewable by the courts. (*People ex rel. Bliel* v. *Martin*, 131 N. Y. 196.) The contrast between the words "shall" be $600 and "shall have the *power*," used in the same section of the statute, indicates in the latter instance a legislative determination that the Commissioner's decision shall be final. The language is merely permissive and, therefore, petitioner has failed to show a clear legal right.

The orders should be reversed and the petition dismissed, without costs.

Hubbs, J. (dissenting). Arthur Sheridan, petitioner's husband, served for twelve years as a uniformed fireman in New York city. On February 1, 1936, he was injured in the line of duty while serving at a fire. He died three weeks thereafter. His yearly compensation at the time of his death was $3,000. Section 791 of the city charter, as amended by Local Law No. 24 of 1930 (Local Laws, 1930, p. 84), provided, as it existed at the time in question, that an annual allowance to the widow of a member of the uniformed force who shall die during his term of service shall be $600. Also that in case of the death of such a member resulting from actual performance of his duties, the trustee of the relief fund " shall have the power " to

award to the widow an amount not to exceed one-half of his compensation at the time of his death. Appellant, as trustee of the relief fund, awarded petitioner a pension of $600 per annum. She applied for an award of $1,500 per annum, one-half of the annual compensation received by her husband. Appellant referred the matter to the Medical Board of the Fire Department. That board reported that petitioner's husband did not die as a result of the injuries which he received at a fire while serving in the Fire Department. Appellant, basing his action upon the report of the Medical Board, denied petitioner's application for an increase of pension from $600 to $1,500 per annum. The Medical Board in reaching its conclusion acted entirely without the knowledge of petitioner. It based its report upon its records.

There is no statutory provision which confers upon the Medical Board or upon appellant the power and authority to determine in a given case whether the death of a fireman was caused by injuries received in the line of duty. The law is silent as to how that question is to be determined. It simply provides that if a fireman dies as the immediate effect of injuries received, the trustee " shall have the power " to award to the widow annually one-half of the amount of the annual compensation received by the deceased fireman.

Petitioner applied for an alternative mandamus. It was granted and a jury has found upon sufficient evidence that petitioner's husband died as the immediate result of injuries received at a fire.

Whether the determination of the Medical Board and appellant that the deceased did not die as a result of the injuries which he received is conclusive, depends upon the wording of the law under which they acted. If the charter provision had provided that the appellant should act upon a certificate of the Medical Board, then his action based upon such a certificate properly made would be conclusive and his act could not be reviewed. In

this case, the power of the appellant to act by granting an increased pension depends upon the existence of a fact, *i. e.*, that deceased came to his death as a result of injuries received in the performance of his duties. That was a question of fact which the petitioner had a right to have determined in court. (*Matter of Hodgins* v. *Bingham*, 196 N. Y. 123; *Matter of Brand* v. *Teachers' Retirement Board*, 163 Misc. Rep. 217; *People ex rel. Cunningham* v. *Hayes*, 66 Misc. Rep. 531.)

That question has been determined and it is now established that petitioner's husband died as the result of his injuries. The refusal of the appellant to grant the increased pension was, therefore, based on a false premise. Relying as he did on the report of the Medical Board that petitioner's husband's death did not result from his injuries received in the line of duty, he had no authority to grant an increased pension. He never exercised his discretion. Petitioner has a legal right to have him exercise his discretion upon the true facts which have now been established by the judgment here under review.

How can it be assumed on this record that if the Medical Board had reported that petitioner's husband had died as a result of his injuries, appellant would only have allowed a pension of $600 per annum? " If by reason of a mistaken view of the law or otherwise there has been in fact no actual and *bona fide* exercise of judgment and discretion, as, for instance, where the discretion is made to turn upon matters which under the law should not be considered, or where the action is based upon reasons outside the discretion imposed, mandamus will lie." (38 Corpus Juris, 599.)

The above-quoted statement is abundantly supported by the decisions of this court. (*People ex rel. Empire City Trotting Club* v. *State Racing Commission*, 190 N. Y. 31; *Ramsay* v. *Hayes*, 187 N. Y. 367.)

If the trustee's action " is based upon false information," petitioner is entitled to review that determination

by mandamus. (*People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 194.)

The appellant undoubtedly possesses a wide discretion and when properly exercised should not be reviewed by the courts. In the case at bar he has never exercised his discretion as he relied upon a report of the Medical Board which, if correct, deprived him of discretion to allow a larger pension. A larger pension could only be allowed in case the fireman died as the result of his injury and the Board reported that he did not.

Petitioner has a legal right to have the appellant exercise his discretion based on the facts.

"The concept embodied in the word pension has developed far beyond the original idea of a bounty or gratuity." (*Roddy* v. *Valentine,* 268 N. Y. 228, 231.)

The order of the Special Term went too far if it be interpreted to mean that it ordered that the pension should be granted for $1,500. That order deprives the appellant of the discretion vested in him under the charter.

The matter should be remitted to the trustee to exercise his discretion in passing upon the petition, having in mind that it has now been established that the petitioner's husband died as the result of his injuries.

The orders of the Appellate Division and Special Term should be modified and the matter remitted to the trustee to proceed in accordance with this opinion, with costs to the respondent. (See 278 N. Y. 694.)

CRANE, Ch. J., LOUGHRAN and FINCH, JJ., concur with O'BRIEN, J.; HUBBS, J., dissents in opinion in which LEHMAN and RIPPEY, JJ., concur.

Orders reversed, etc.