In the Matter of the Application of EDWARD J. WALSH, Petitioner, for an Order, under Article 78 of the Civil Practice Act, against JOHN J. McELLIGOTT, as Fire Commissioner of the City of New York and as Trustee of the New York Fire Department Relief Fund, Respondent.

Supreme Court, Special Term, New York County, June 24, 1938.

*Field & Field* [*Reginald Field* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Robert H. Schaffer* of counsel], for the respondent.

SHIENTAG, J. At the request of the parties in interest, the disposition of this matter was held in abeyance pending the decision of the Court of Appeals in *Matter of Sheridan* v. *McElligott* (278 N. Y. 59). As I read the prevailing and dissenting opinions in that case, the following rules are laid down:

(1) Where a pension allowance or an increase thereof depends upon the existence of an extrinsic fact, but irrespective of any finding with respect to such fact, the allowance or increase is nevertheless within the discretion of a public officer, there is no right to a court review of the finding. The Court of Appeals divided on the question as to whether under section 791 of the Greater New York Charter the increase in pension was under certain circumstances entirely discretionary with the fire commissioner. The majority of the court held that it was.

(2) Where an allowance or increase in pension is dependent upon the existence of an extrinsic fact which, if found, requires a public officer to grant the pension or the increase there is, except as hereinafter indicated, a right of court review of the finding on the part of the person aggrieved. (Dissenting opinion of Hubbs, J., *Matter of Sheridan* v. *McElligott*, 278 N. Y. 59, 63, 64, and the cases there cited.) If, however, the law provides that the public officer shall act upon a certificate of a medical or other board, " then his action based upon such a certificate properly made would be conclusive and his act could not be reviewed." (*Matter of Sheridan* v. *McElligott, supra,* 63.)

The application in this case comes within the second of the foregoing rules. If a certain fact is found, namely, that total permanent disability was caused or induced by the actual performance of the duties of his position, the retired fireman is entitled to an annual pension which shall be not less than three-quarters of his annual salary. (Greater New York Charter, § 790, as amd. by Local Law No. 44, in effect Dec. 22, 1936 [Local Laws of 1936, p. 170].)

Section 790 of the charter, as amended, provides under certain circumstances for a certificate of the medical board showing that the disability is permanent. It may also be inferred that under that section the fire commissioner, in determining whether a member of the uniformed force is physically or mentally disqualified for the performance of his duties, acts on the certificate of medical officers on an examination ordered by the commissioner. There is no provision in that section that, in determining whether the permanent disability was caused or induced by the actual performance of a fireman's duties, the commissioner was to act on the certificate of the medical board, or even that that question should be passed upon by the medical board. The determination of the medical board on that issue is, therefore, advisory merely and the examination is ordered by the commissioner not pursuant to mandate of law, but for his own convenience and for his own guidance. Under those circumstances, therefore, a court review of

the finding of the medical board and of the commissioner based thereon may be had.

The papers upon which petitioner seeks such review are, however, insufficient. Enough must be alleged to show that there is some reasonable basis for the review sought. No facts are set forth, no affidavit of a physician is attached showing that the total permanent disability was caused in or induced by the actual performance of the fireman's duties. In fact, the diagnosis made at the hospital and incorporated in the moving papers indicates illness, not trauma, as the basis of the condition claimed.

The application is accordingly denied, without prejudice, and with leave to renew on proper papers.