In the Matter of the Application of HELEN ANDREOZZI, Respondent, for an Order against WILLIAM F. CAREY, as Treasurer and Trustee of the Relief and Pension Fund of the Department of Street Cleaning, Appellant.

First Department, October 31, 1941.

*Stanley Buchsbaum* of counsel [*Denis B. Sullivan* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellant.

*Samuel Resnicoff*, for the respondent.

PER CURIAM. Petitioner's husband entered the department of street cleaning on May 7, 1928. Up to the time of his death on May 14, 1939, he had been a member of the department's pension fund. No formal application for a pension, however, was made by his widow until June, 1941. In the interim she applied for relief to the board of child welfare and during the period between November, 1939, and July, 1941, she received a total of $928.50 from that board. She also received assistance from the welfare honor relief fund of the department of sanitation.

Acting upon the petitioner's application, the commissioner of sanitation, in his capacity as treasurer and trustee of the relief and pension fund of the department of street cleaning, directed that the pension commence July 1, 1941, and not as of the date of death of petitioner's husband. The present proceeding, pursuant to article 78 of the Civil Practice Act, was thereupon brought to compel defendant to pay petitioner a pension at the rate of $600 per annum to be effective as of the date of the death of petitioner's husband. From the order of Special Term granting petitioner's application the present appeal has been taken.

The statutory provisions relating to the relief and pension fund of the department of street cleaning, now found in sections G41-1.0 to G41-10.0 of the Administrative Code (see, also, Greater New York Charter, former § 552), give the commissioner, in his capacity as treasurer and trustee of the relief and pension fund, the power to grant a $600 a year pension to a widow of one who has served in the department for ten years " in the discretion of such treasurer and trustee." The statute expressly subjects the right to a pension to the discretion of the commissioner. (*Matter of Sheridan* v. *McElligott*, 278 N. Y. 59.) We think that the commissioner, in the proper exercise of his discretion, has the right to fix the commencement date of the pension at some time subsequent to the date of death of the city employee, and in effect we have so held. (*Murphy* v. *Carey*, 261 App. Div. 808; leave to appeal to the Court of Appeals denied, 286 N. Y. 736; *Schwartz* v. *Taylor*, 223 App. Div. 877.) Moreover, in the circumstances of this case, it is our view that the commissioner's exercise of his discretion was not unreasonable.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.