PEOPLE ex rel. YOUNG v. STURGIS, Fire Com'r, et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—DISABLED FIREMAN—EMPLOYMENT IN OTHER POSITIONS.

Greater New York Charter (Laws 1897, p. 278, c. 378) § 790, authorizes the fire commissioner to retire on pension any member of the uniformed force who may on examination be found to be disqualified, physically or mentally, for the performance of his duties, and declares that, "should permanent disability caused by injuries received in the active discharge of his duties disqualify him only from performing active duty in the uniformed force, he shall be employed" at the same salary in some position in the department not requiring active service as a fireman. A member of the uniformed force was injured while in the discharge of his duties. Without receiving notice of a hearing to determine the extent of his disability, he was examined by surgeons of the department, who reported that he was "permanently disabled from performing any duty as a fireman." *Held*, that he was entitled to employment, at the salary received while a fireman, in some position in the department not requiring active service as a fireman

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of William A. Young, against Thomas Sturgis, as fire commissioner, and another, to compel defendants to employ the relator in some position in the fire department in the city of New York. From an order granting a peremptory writ, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

James McKeen (P. E. Calahan, on the brief), for appellants.
Joseph A. Burr, for respondent.

GOODRICH, P. J. This appeal is from an order of the Special Term granting a peremptory writ of mandamus requiring the defendants forthwith to "employ the said William A. Young in some position in the department in the city of New York not requiring

active service as a fireman, at the same salary he received when he became disqualified from performing active duty in the uniformed force while in the active discharge of his duties as such fireman at a fire in the city of New York, and to return to him his shield, buttons, and other insignia of office, and permit him to perform the duties of such position."

The relator was appointed a member of the volunteer fire department of the former town of Gravesend in March, 1892, and served until December, 1895, when the department was disbanded by reason of the consolidation of the town of Gravesend with the city of Brooklyn, on May 3, 1894 (chapter 449, p. 911, Laws 1894), pursuant to which act the relator became a member of the Brooklyn fire department. He continued as such until the creation of the city of New York, under the Greater New York charter (chapter 378, Laws 1897), on January 1, 1898, and after that time continued to perform active duties as a fireman until January 16, 1902, when he was seriously injured in the discharge of active duty while attending a fire on a steamship, and became permanently disabled for the performance of active duty in the department. He was, however, able to perform such services in the department as do not require active service as a fireman. There are other members of the department, of the same grade, as the relator, who are able to perform active duty as firemen, and who are detailed to perform special duty which the relator is able and qualified to perform, although he is unable to perform active service as a fireman.

Until September 1, 1902, the relator was carried on the pay rolls of the department as a person absent on sick leave. On August 27, 1902, he received a notice that he had been retired as of September 1st, on a pension equal to one-half his salary, and he was ordered to, and did, return the insignia of his office to the deputy fire commissioner in the borough of Brooklyn. He received no notice of any hearing to determine the extent or cause of his disability, and the next day he requested an assignment to some position in the department not requiring active service as a fireman, and was informed by the commissioner that he would withdraw the notice retiring him on a pension, and the commissioner took such notice back from him. Since that time he has several times renewed his application.

In July, 1902, the fire commissioner asked two of the surgeons of the department for an opinion as to the relator's physical and mental fitness for service, and they reported that he "is permanently disabled from performing any duty as a fireman. January 15, 1902, he fell in hold of a vessel, fracturing the brim of his pelvis. He is now permanently lame. One leg, owing to contraction, is three-quarters of an inch shorter than the other. He also suffers from continued neuralgia." On September 5th the relator was informed by the active chief of the department in Manhattan that he would be detailed to duty at the Catholic Protectory Institution in Westchester—a position which he is qualified to fill—and he was ordered to call at the office of the deputy fire commissioner in Brooklyn and receive his insignia. This order he obeyed, but he did not receive

the insignia, and since that time has received neither pay nor pension.

Greater New York Charter (Laws 1897, p. 278, c. 378) § 790, provides with minuteness for all cases of partial, total, or permanent disability. It is only necessary to refer to that part of the section which clearly and explicitly relates to the condition of the relator:

"But should permanent disability caused by injuries received in the active discharge of his duties disqualify him only from performing active duty in the uniformed force, he shall be employed at the salary received when such disability occurred in some position in the department not requiring active service as a fireman."

The defendants' only answer is that in July they ordered an examination of the relator by the surgeons, who reported as above. They do not allege that the relator was permanently or totally disqualified for service other than "duty as fireman," which is to be interpreted as meaning "active duty in the uniformed service," referred to in section 790. If the relator was not permanently disqualified for all kinds of duty which the uniformed force are performing, the commissioner had no power to retire him on pension, but should have employed him in some position not requiring active service, or, as it is defined in another part of the section, "light duties." The evident intention of this provision of the charter is to encourage brave and faithful discharge of an active fireman's dangerous duties, and if, in the discharge of such duties, he receive injuries which do not totally and permanently disqualify him from all duties in the department, he shall be employed in "light duties," and his salary shall be continued.

The appellants contend that the section provides that in every case the fire commissioner is to determine the circumstances of disqualification. This, however, is qualified by the portion of the section above quoted, and is subordinate thereto. Besides, his determination in this case is weakened, if not destroyed, by the fact that the relator had no notice or opportunity to be heard.

The order should be affirmed, with $10 costs and disbursements. All concur.