LOUIS B. CHRISTMAN, Respondent, *v.* UNION RAILWAY COMPANY OF THE CITY OF NEW YORK, Appellant.

First Department, July 2, 1924.

Street railways — action to recover for injuries suffered by plaintiff, fireman, when fire apparatus collided with street car — plaintiff's injuries are permanent but he was put on light duty in department at same salary which was subsequently raised — verdict for $50,000 is excessive — evidence — error to admit evidence that witnesses who were on street car received money from defendant — trial — conduct of trial — criticism of defendant's counsel by trial court and remarks by court on motion for mistrial for admitting improper evidence constitute prejudicial error — instructions — error to refuse charge that plaintiff would receive full pay on assignment to light duty in department.

A verdict for $50,000 is excessive in an action by a fireman to recover damages for injuries suffered when the fire apparatus on which he was riding collided with a street car, although it appears that his injuries are permanent and that he will probably be required to wear a brace on his leg when attempting to walk, since it further appears that he was put on light duty in the department at the same salary he was receiving at the time of the accident and that his salary has been increased twice since then and he was receiving $2,280 per year at the time of the trial.

It was error for the court to admit testimony over an objection by defendant's counsel that witnesses who were on the street car received money from the defendant.

It was prejudicial error for the trial court on the defendant's motion for a mistrial based on the admission of such improper testimony to remark that the motions for a mistrial could only be accounted for by the attorney's sense of humor, and further to criticise the attorney for moving for a mistrial, since the attitude of the court tended to prejudice the defendant.

In view of the fact that a physician connected with the fire department testified that the plaintiff could perform light duties in that department and the fact that the law requires an assignment to light duties with full pay, it was error for the court to refuse to charge that if the plaintiff, though permanently disabled from performing active services as a fireman was able to perform light duties in the department, he was entitled to be employed at the salary he received when said disability occurred, in some position in the department not requiring active services, and to fail to instruct the jury definitely under what conditions the plaintiff would receive half pay.

APPEAL by the defendant, Union Railway Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of July, 1923, upon the verdict of a jury for $50,000, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Alfred T. Davison* [*Alexander R. Jones* and *Addison B. Scoville* with him on the brief], for the appellant.

*Thomas J. O'Neill* [*Leonard F. Fish* with him on the brief], for the respondent.

MARTIN, J.:

On January 13, 1921, about six-thirty o'clock P. M., a collision occurred between one of defendant's trolley cars and a combination fire engine and hose cart, while the trolley car was proceeding along its north-bound track on St. Ann's avenue across One Hundred and Forty-first street. The weather was clear and there had been no precipitation that day. The trolley car was a closed car of the type known as a one-man car, that is, operated without the presence of a conductor. The collision occurred while the fire apparatus was on its way to answer a call to the corner of East One Hundred and Forty-first street and Southern Boulevard, which was one block east of St. Ann's avenue.

The plaintiff was a fireman of the second grade, connected with Engine Company No. 60, which was located on the south side of One Hundred and Thirty-seventh street between Willis and Alexander avenues, about three and one-half blocks west of St. Ann's avenue. The fire apparatus, upon leaving the engine house turned into Willis avenue and was driven in a northerly direction along that avenue to East One Hundred and Forty-first street, and then east on One Hundred and Forty-first street towards St. Ann's avenue. The plaintiff was riding on the rear step of the apparatus at the left-hand side.

At the time of the accident the plaintiff's salary was $1,770 per annum. His salary has been raised twice since the accident, first to $1,980 and then to $2,280 per annum, and he was receiving the latter sum at the time of the trial.

As a result of the accident the plaintiff's left hip was dislocated and permanently injured, so that his left leg is an inch and a half or two inches shorter than his right leg, and he will probably permanently wear a brace on the leg when attempting to walk. The plaintiff's left shoulder also was dislocated and injured, and he sustained additional minor injuries.

Because of the injuries the plaintiff is wholly incapacitated from performing active duty as a fireman, but not incapacitated from doing detail work in other posts of the fire department where active duty is not required, and for which he will continue to receive his full salary.

An examination of the record discloses the fact that many serious errors were committed during the trial, both in the admission of evidence and the charge to the jury, and that the amount allowed as damages is excessive. It is out of all proportion to the damages sustained, in view of the fact that the plaintiff has been and now is receiving full pay from the city, and will in all probability continue to do so in the future if we accept the evidence of the doctor connected with the fire department.

Of the many errors committed during the trial, one of the most serious was in the admission of the following incompetent evidence, evidently designed to prejudice the defendant before the jury: " Q. Where did you get on the car? A. On 133rd Street. Q. Were you with anybody? A. Well, there was a son of mine and a brother-in-law. Q. Are they all here? A. No, sir, I don't know where they are. Q. Did they get money from the railroad company too? Mr. Mayo: Objected to as incompetent, immaterial and irrelevant; improper. The Court: Relatives of the witness? Mr. O'Neill: Yes. [Objection overruled; exception.] Q. Did they? A. My son got money and he got something hurt. Q. I didn't ask you about him getting hurt. Did he get money? A. Yes, he got money. Q. This money I am talking about. How about the brother-in-law. Did he get any money? Mr. Mayo: Same objection. [Objection overruled; exception.] A. No, sir. Mr. Mayo: I renew the motion that I made before for a mistrial, on the ground that this is improper evidence. The Court: Your motions for a mistrial to my mind can only be accounted for by a sense of humor on your part. Mr. Mayo: I take an exception to that statement, and I renew the motion for a mistrial on that statement. The Court: I think you would best serve the interests of your client, the defendant in this case, in the eyes of this jury, if you will go on with the trial in the usual way. Mr. Mayo: I except to that statement, and I move for a mistrial on it, as prejudicial to the defendant. The Court: I think your attitude is more prejudicial to the defendant than anything else. Mr. Mayo: I take an exception to that statement and renew the motion I made for a mistrial, on the same grounds. The Court: You may make a blanket objection. Mr. Mayo: The only way I can protect my rights is by making my motion. The Court: You are going to try this case to the end, and the jury is going to pass on the

issues. Do you want to make a motion for a mistrial on that statement? Mr. Mayo: I think it is an improper statement. I do not want to get into any altercation with your Honor. * * * The Court: Then proceed with the trial."

The record is replete with instances of clashes between the trial justice and the attorney for the defendant. The jury must have been influenced by the strained relations exhibited throughout the trial between the court and defendant's attorney, for it appears to be reflected in the verdict. This action presented many difficulties for the defendant's attorney. Plaintiff's injuries were severe, he was injured while in the performance of duty, and the circumstances surrounding the case naturally evoked the sympathy of the jury. It should have been tried with care, impartially and without a display of feeling. Under the circumstances it was error for the court to comment unfavorably on the conduct of the trial by defendant's attorney. While we are not unmindful of the fact that the attorney was not without blame, still the disadvantage under which he was working should have merited some consideration. We think the court should not have so criticized the attorney, especially in view of the fact that the attorney was without opportunity to resent such criticism without risk to himself and injury to his client's cause with the jury. The attorney conducting the trial for the defendant was entitled to the same consideration as that accorded to the attorney acting for the plaintiff.

The charge to the jury was erroneous in several respects, and the errors are of a substantial nature, requiring a reversal of the judgment. The physician connected with the fire department testified that plaintiff would have no difficulty in performing light duties in that department if he received such employment. An assignment to light duties is obligatory under the law and carries with it full pay under the decisions of this court. (*People ex rel. Young* v. *Sturgis,* 85 App. Div. 20; *People ex rel. Bridges* v. *Adamson,* 173 id. 773.)

The attorney for the defendant called the attention of the court to the fact that some consideration should be given the proof that plaintiff's injuries would permit him to receive full pay in the future. " Mr. Mayo: I ask your Honor to charge the jury that if the plaintiff was permanently disabled by injuries received through a collision between a vehicle of the Fire Department and a street car of the defendant, while the plaintiff, as a fireman, was going to a fire or answering an alarm, and such injuries disqualify him only from performing active duties in the uniformed force or active service as a fireman, he is entitled to be employed at the salary he received when such disability occurred in some position

in the Fire Department not requiring active service as a fireman. The Court: I cannot charge that. You have presented no authority that holds it. Mr. Mayo: Exception. I ask your Honor to charge the following: If the plaintiff was permanently disabled by injuries received in the active discharge of his duty so as to disqualify him from performing active duty in the uniformed force, he is entitled to be employed at the salary received when such disability occurred in some position with the Fire Department not requiring active service as a fireman. The Court: What is your authority for that request? Mr. Mayo: A case in the Appellate Division. The Court: Have you got it here? Mr. Mayo: No, I have not. The Court: Do you know the name of it? Mr. Mayo: People ex rel. Burroughs, or Bridges — I do not remember the name. The Court: Do you know the number of the volume? Mr. Mayo: No. The Court: Declined."

It is evident the jury did not understand under what circumstances the plaintiff would be entitled to half pay. That this matter was not clearly understood is emphasized by the fact that one of the jurors inquired if a fireman must work in order to receive half pay. He was erroneously instructed in the affirmative. The jury was evidently of the opinion that if a fireman was assigned to light work, in that event he would receive half pay only. The attorney for the defendant endeavored to have this matter properly placed before the jury. He said: " I ask your Honor to charge the jury that there being no evidence in this case, that this man will be retired at half pay, they, therefore, cannot consider, in case they do find for the plaintiff, any loss of earnings by reason of any retirement. The Court: Your finding in that regard will be not based upon the evidence, it will be based upon the law, which applies to the condition of the plaintiff, if he is incapacitated from performing the duty of a man in the uniformed service as an active fireman. Mr. Mayo: I except to your Honor's refusal to charge as requested, and except to the charge as made."

At the end of the case the foreman clearly indicated that he did not understand when the plaintiff would be entitled to receive half pay and when he would be entitled to receive full pay. " The Foreman: The attorney for the plaintiff says that the fireman must serve to receive half pay. Is that right? The Court: Yes. The Foreman: If he does not serve? The Court: He does not receive any pay. Mr. Mayo: I except to that. Mr. O'Neill: If you decide he is able. The Court: If the regularly constituted officers in the department certify that he must go on *light duties* at half pay, he goes. If they do not, he does not. Mr. Mayo: Exception."

That these errors affected the trial is shown by the large verdict

which is wholly unwarranted and may be accounted for in no other manner. We think that in the interest of justice there should be a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.